No. 24-880

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

———————————

CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,

Plaintiffs-Appellees,

v.

UNITED STATES DEPARTMENT OF LABOR,

Defendant-Appellant.

———————————

On Appeal from the United States District Court
for the Northern District of California

———————————

### EXCERPTS OF RECORD
### VOLUME 4 OF 4

———————————

*Of Counsel:*

SEEMA NANDA
*Solicitor of Labor*

EMILY S. WHITTEN
*Attorney*

*United States Department of Labor*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

ISMAIL J. RAMSEY
*United States Attorney*

PAMELA JOHANN
*Assistant United States Attorney*

MARK B. STERN
JOSHUA M. KOPPEL
*Attorneys, Appellate Staff*
*Civil Division, Room 7212*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-4820*

1  D. Victoria Baranetsky (SBN 311892)
2  THE CENTER FOR INVESTIGATIVE REPORTING
   1400 65th St., Suite 200
3  Emeryville, CA 94608
   Telephone: (510) 982-2890
4  Fax: (510) 849-6141
   vbaranetsky@revealnews.org
5
6   Attorney for Plaintiffs

7              UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  THE CENTER FOR INVESTIGATIVE          )    Case No. _____
    REPORTING and WILL EVANS,            )
11                                        )    **COMPLAINT FOR INJUNCTIVE**
                             Plaintiffs,  )    **RELIEF**
12                                        )
                                          )
13      v.                                )
                                          )
14  UNITED STATES DEPARTMENT OF           )
    LABOR,                                )
15                                        )
                             Defendant.   )
16  _____

17                        **INTRODUCTION**

18      1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

19  for injunctive and other appropriate relief. The Center for Investigative Reporting ("CIR") and Will

20  Evans ("Mr. Evans") (collectively "Plaintiffs") seek processing and release of agency records

21  requested from Defendant the United States Department of Labor ("DOL" or "Defendant").

22      2.      From January 2019 through September 2020, Plaintiffs submitted three Freedom of

23  Information Act requests (the "Requests") to DOL's Office of Federal Contract Compliance

24  Programs ("OFCCP" or "Defendant") seeking disclosure of consolidated Type 2 diversity

25  employment reports ("EEO-1 Reports" or "Diversity Reports") from federal contractors for the years

26  2016, 2017, 2018, 2019 and 2020.

27      3.      In May 2021 the three individual requests were combined into one individual request.

28      4.      This matter has been pending with OFCCP for nearly ***four years***, since the date of

                                    -1-

1  CIR's original request in January 2019.

2        5.    This is the third time Plaintiffs have filed a complaint for EEO-1 Reports. *See Ctr. for*

3  *Investigative Reporting v. Dep't of Labor*, No. 3:18-cv-02008 (N.D. Cal. Dec. 21, 2018) (disclosing

4  records after months of settlement conversations) and *Ctr. for Investigative Reporting v. Dep't of*

5  *Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. Dec. 10, 2019) (ordering disclosure of records after

6  finding that the EEO-1 Reports were not commercial information properly withheld under FOIA

7  Exemption 4) *aff'd*, 34 F.4th 762, 772 (9th Cir. 2022).

8        6.    Despite this court previously requiring the release of EEO-1 Reports, OFCCP has

9  denied Plaintiffs' request for records. OFCCP alleged that disclosure would be unduly burdensome,

10  despite there being no need for redactions. OFCCP also stated, in abrogation of FOIA, that fulfilling

11  these requests would require a company-by-company consultation of the over 100,000 federal

12  contractors who have submitted the EEO-1 report data.

13        7.    CIR sent several communications to OFCCP stating that the withholding was

14  improper due to this Court's order requiring disclosure of the EEO-1 Reports and finding Exemption

15  4 inapplicable. *See Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D.

16  Cal. Dec. 10, 2019), *aff'd*, 34 F.4th 762, 772 (9th Cir. 2022),

17        8.    Still, OFCCP asserted that data from these submitters is potentially protected from

18  disclosure under Exemption 4, despite the December 2019 ruling. In further correspondence OFCCP

19  asserted that this Court's December 2019 order does not have any "precedential effect." *See infra* at

20  9.

21        9.    On August 19, 2022, after CIR's second letter to DOL asserting that the withholding

22  was improper, OFCCP published a notice on the Federal Register giving federal contractors "a period

23  of time object to the disclosure [of the diversity reports] and state their grounds for doing so." Notice

24  of Request Under the Freedom of Information Act for Federal Contractors' Type 2 Consolidated

25  EEO-1 Report Data, 87 Fed. Reg. 51145 (Aug. 19, 2022) https://bit.ly/3ThtEzw.

26        10.   OFCCP provided that federal contractors had until October 19, 2022 to object to the

27  disclosure of any portion of the EEO-1 Reports and to state all grounds upon which disclosure was

28  opposed. OFCCP, *Notice of Extension*, Submitter Notice Response Portal

1  https://www.dol.gov/agencies/ofccp/submitter-notice-response-portal (last visited October 19,
2  2022).

3      11.    As of November 15, 2022, the DOL has not released any records pertaining to the
4  Request. This continued withholding improperly includes any records from federal contractors that
5  may have consented to disclosure or waived their opportunity to object, in addition to federal
6  contractors that objected to disclosure.

7      12.    DOL's withholding is of particular public concern because Diversity Reports contain
8  generalized employee diversity statistics of federal contractors. *See* Will Evans, *We Forced the*
9  *Government to Share Corporate Diversity Data. It's Giving Companies an Out Instead*,
10 REVEAL.ORG, Aug. 29, 2022, https://revealnews.org/article/we-forced-the-government-to-share-
11 corporate-diversity-data-its-giving-companies-an-out-instead/. This data is instrumental to ensuring
12 that federal contractors, obtaining taxpayer dollars, diversify their workforces in compliance with
13 the federal law. *Id.*

14     13.    Claims that the aggregate data on diversity employment for federal contractors
15 contained in the Diversity Reports is exempt as confidential commercial information under FOIA's
16 Exemption 4 is unjustified.

17     14.    Plaintiffs now ask the Court for an injunction requiring DOL to promptly release the
18 withheld records.

19                                   **JURISDICTION**

20     15.    The Court has subject matter jurisdiction over this action and personal jurisdiction
21 over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has
22 jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

23
24                    **VENUE AND INTRADISTRICT ASSIGNMENT**
25     16.    Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§
26 1391(e) and 1402.  Plaintiff CIR has its principal place of business in this district. Plaintiff Will
27 Evans is domiciled in this district.

28     17.    Assignment to the Oakland Division is proper pursuant to Local Rule 3-2(c) and (d)

because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff CIR's principal place of business is located and most actions in this case occurred.

## PARTIES

18.     Founded in 1977, as the first national investigative news organization, Plaintiff CIR has received multiple awards for its reporting. CIR is a non-profit established under the laws of the State of California, with its primary office in Emeryville, California. CIR publishes *Reveal* an online news site at revealnews.org and *Reveal* a weekly public radio show with approximately 1 million listeners a week.

19.     Plaintiff Will Evans is a staff reporter for *Reveal* and an employee of CIR.

20.     Defendant DOL is a department of the executive branch of the U.S. government and an "agency" within the meaning of 5 U.S.C. §552(f)(1). OFCCP is a component of DOL. DOL has its headquarters in Washington, D.C., and offices all over the country, including in Oakland and San Francisco, California.

## FACTUAL BACKGROUND
### EEO-1 Reports and OFCCP

21.     OFCCP is the component of DOL that is responsible for enforcing nondiscrimination and affirmative action requirements imposed on federal contractors as ordered by Executive Order 11246, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, and Section 503 of the Rehabilitation Act.

22.     According to its website, OFCCP's mission is to "protect workers, promote diversity and enforce the law." OFCCP, *Mission Statement*, https://www.dol.gov/ofccp/aboutof.html (last visited October 11, 2022). "OFCCP holds those who do business with the federal government—contractors and subcontractors—responsible for complying with the legal requirement to take affirmative action and not discriminate." *Id.*

23.     To achieve this, OFCCP collects workforce data from employers who submit the DOL's Employer Information Component 1 Reports ("EEO-1 Reports"). These reports are collected annually under the authority of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et. seq*.,

as amended. *See* EEOC, *EEO-1 Instruction Booklet* (2021), https://www.eeocdata.org/pdfs/2021_EEO_1_Component_1_InstructionBooklet.pdf. OFCCP and the Equal Employment Opportunity Commission ("EEOC") together administer the EEO-1 Reports. *Id.*

24. In accordance with Title VII, all employers in the United States with 15 or more employees are required to keep employment records. *Id.* at 2. Based on those records, certain large employers are required to file EEO-1 Reports on an annual basis. *Id.* at 2.

25. OFCCP regulations require certain federal contractors to file EEO-1 Reports if they have 50 or more employees and are not exempt as provided for by 41 CFR 60-1. EEOC, *Frequently Asked Questions (FAQs) EEO-1 Component 1 Data Collection, available at* https://eeocdata.org/pdfs/EEO-1%20Component%201%20FAQ.pdf.

26. Submitting EEO-1 Reports is not voluntary and under section 709(c) of Title VII the EEOC may compel an employer to file it by obtaining an order from the United States District Court. 42 U.S.C. § 2000(e).

27. In general, EEOC collects two types of reports containing diversity statistics: a Type 1 Report and a Type 2 Consolidated Report. Type 1 Reports are submitted by "an employer conducting business at only one establishment" and Type 2 Reports are submitted by "an employer conducting business at more than one establishment" (*i.e.*, a multi-establishment employer). *See* EEOC, EEO-1 Instruction Booklet (2021), https://www.eeocdata.org/pdfs/2021_EEO_1_Component_1_InstructionBooklet.pdf. Type 2 reports include demographic data for all the U.S. employees of a company categorized by ethnicity, gender and job category. *Id.* at 5. The Type 1 and Type 2 Reports do not contain particularized or sensitive information like wage and payment information or demographics of individual company offices or employees. Plaintiffs only seek Type 2 reports in this request.

28. While the EEOC is prohibited from disclosing EEO-1 reports under Title VII of the Civil Rights Act of 1964, Title VII "generally does not apply to individuals who are found to be

independent contractors." EEOC, *Protections Against Employment Discrimination Based on Sexual Orientation or Gender Identity* (2021), https://www.eeoc.gov/laws/guidance/ protections-against-employment-discrimination-based-on-sexual-orientation-or-gender. As the EEOC explains on its website "[p]eople who are not employed by the employer, such as independent contractors, are not covered by the anti-discrimination laws." EEOC, *Employer Coverage*, https://www.eeoc.gov/employers/coverage-0 (last visited October 31, 2022).

29.    OFCCP does not proactively disclose the EEO-1 Reports. To obtain copies, individuals and institutions, including media, must submit a FOIA request. Department of Labor, *Federal Compliance Manual, §1A06* (2021), https://www.dol.gov/agencies/ofccp/manual/fccm/1a-introduction/1a06-confidentiality-information.

30.    Once a FOIA request is submitted, OFCCP contacts federal contractors to notify them of the request for disclosure, but OFCCP is required to make a separate determination as to whether any exemptions apply under FOIA. *Id.*

31.    The disclosure of these reports has been championed by civil rights activists such as Rev. Jesse Jackson Sr., members of Congress, investment firms, and companies themselves. *See, e.g.*, Salvador Rodriguez, *Jesse Jackson Gives Uber a Diversity Deadline*, INC.COM, Jan. 5, 2017, https://www.inc.com/salvador-rodriguez/uber-diversity-jesse-jackson.html; Will Evans, *11 men and 1 woman on management team? No need for diversity report*, REVEAL.ORG, Nov. 8, 2017, https://www.revealnews.org/article/11-men-and-1-woman-on-management-team-no-need-for-diversity-report/; Letter from Emanuel Cleaver II, Member of Congress, U.S. House of Representatives, to Alexander Acosta, Secretary, U.S. Department of Labor (Mar. 6, 2019), https://cleaver.house.gov/sites/cleaver.house.gov/files/DOL_FOIA.pdf; Ashley Marchand Orme, *Big companies are already collecting important data on workforce diversity. More of them need to make it public*, Fortune Magazine, Feb. 9, 2022 https://fortune.com/2022/02/09 /diversity-inclusion-dei-intersectional-data-eeo-1-reports/.

32.    The public need for disclosure of EEO-1 Reports in promoting diversity is incontrovertible. Almost 30 years ago, The Federal Glass Ceiling Commission, created by the Civil

Rights Act of 1991, stated in its 1995 report that it "urges the Federal government and its agencies to look for ways to increase public access to diversity data" and that "[t]he government should also explore the possibility of mandating public release of EEO-1 forms for Federal contractors and publicly traded corporations." Federal Glass Ceiling Commission, *A Solid Investment: Making Full Use of the Nation's Human Capital* (1995).

33.    While the type of data in Diversity Reports has been hotly debated, such as the inclusion of employee payment data, the generalized statistics collected in EEO-1 Type 2 Reports pertaining to race, gender and job category has been determined to be uncontroversial, necessary, and continually collected for decades. *See* Memorandum from Neomi Rao to Acting EEOC Chair Victoria Lipnic, Office of Information and Regulatory Affairs, Aug. 29, 2017, https://bit.ly/2uFABUV. Type 2 Reports have been collected without interruption because its aggregate data does not disclose individualized information. It is also does not include sensitive, nor commercial information, such as salary information.

34.    The collection of demographic data in the EEO-1 Reports is increasingly of significant public importance as large numbers of public functions are increasingly outsourced to private contractors, and so much of the federal government's work force is composed of federal contractors. Steven Pearlstein, *The federal outsourcing boom and why it's failing Americans*, WASHINGTON POST, January 31, 2014, https://wapo.st/3zVolPr.

35.    Various news outlets, including CIR have used these reports to inform the public about lack of diversity in the United States workforce across various industries. *See, e.g.*, Will Evans & Sinduja Rangarajan, *Hidden figures: How Silicon Valley keeps diversity data secret*, REVEAL, Oct. 19, 2017, https://www.revealnews.org/article/hidden-figures-how-silicon-valley-keeps-diversity-data-secret/; Kate Rooney & Yasmin Khorram, *Tech companies say they value diversity, but reports show little change in last six years*, CNBC, June 12, 2020, https://www.cnbc.com/2020/06/12/six-years-into-diversity-reports-big-tech-has-made-little-progress.html; Charisse Jones, Jayme Fraser, & Dian Zhang, *Racial justice in the workplace: In-depth look at diversity's struggle to crack corporate boardrooms*, USA TODAY, July 24, 2021, https://www.usatoday.com/in-

depth/money/business/2021/07/18/workplace-diversity-struggles-break-into-corporate-

boardrooms/7906529002/; Jessica Guynn, Jayme Fraser, Craig Harris and Dian Zhang, *How top

companies in US are struggling to diversify leadership*, USA TODAY, July 13, 2021,

https://www.usatoday.com/in-depth/money/2021/07/14/diversity-corporate-systemic-racism-

employment-inequities/7639595002/.

36.    Release of the demographic information contained in the EEO-1 Type 2 Reports

would inform the public on the important topics of workplace diversity, equality, and inclusivity. *Id.*

### CIR's EEO-1 FOIA Requests

37.    On January 10, 2019 Mr. Evans submitted a FOIA request via email to OFCCP for a

spreadsheet of all Type 2 consolidated EEO-1 report data submitted by all federal contractors in

2016. A true and correct copy of this request is attached as Exhibit A. The tracking No. 872421 was

assigned to this request. *Id.*

38.    On March 25, 2019 Mr. Evans submitted a second FOIA request via email to OFCCP

seeking a spreadsheet of all consolidated EEO-1 report data submitted by all federal contractors in

2017. A true and correct copy of this request is attached as Exhibit B. The tracking No. 875877 was

assigned to this request. *Id.*

39.    OFCCP responded to Mr. Evans' first request, No. 872421, on July 18, 2019 with a

letter. A true and correct copy of this response letter is attached as Exhibit C ("Ex. C"). The letter

stated that the "voluminous request would overwhelm the OFCCP FOIA unit" because it would

require the agency to reach out to the over 100,000 companies who could potentially be affected by

the release of information in their submitted EEO-1 reports. Ex. C. The agency recommended Mr.

Evans narrow his request. *Id.*

40.    On August 8, 2019 Mr. Evans replied to OFCCP's July 18th letter declining to narrow

his request. A true and correct copy of this request is attached as Exhibit D. ("Ex. D"). He also

asserted that notification of the companies was not required and thus fulfilling the request would not

be unduly burdensome on the agency. Ex. D.

41.    On September 11, 2020 Mr. Evans submitted another FOIA request via email to

OFCCP seeking all consolidated EEO-1 reports submitted by all federal contractors in year 2018. A true and correct copy of this request is attached as Exhibit E ("Ex. E"). OFCCP sent an acknowledgment of this request and assigned it tracking No. 897123. Ex. E.

42.    On October 2, 2020, CIR received a letter from the OFCCP in response to request No. 897123. Under Executive Order 12600, the agency claimed it was required to grant all EEO-1 submitters the opportunity to object in writing to disclosure of any Diversity Reports. A true and correct copy of this letter is attached as Exhibit F ("Ex. F").

43.    OFCCP asserted it could not release the data without notifying the submitters because the "information may be protected from disclosure under FOIA Exemption 4." Ex. F.

44.    In response to the OFCCP's decision, on October 30, 2020 CIR sent email reminding Defendant of the recent federal court ruling, *Ctr. for Investigative Reporting v. U.S. Dep't of Labor* 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019), *aff'd*, 34 F.4th 762, 772 (9th Cir. 2022). In this identical case, CIR had requested EEO-1 Reports of 10 companies. *Id.* The court held the "Government was not justified in applying Exemption 4" to this information and it ordered the EEO-1 reports in question to "be produced unredacted." *Id.*; *see also* Will Evans, *Judge backs Reveal's suit to end secrecy around Silicon Valley's diversity*, REVEAL.ORG, Dec. 13, 2019, https://revealnews.org/article/judge-backs-reveals-suit-to-end-secrecy-around-silicon-valleys-diversity/. A true and correct copy of this email response is attached as Exhibit G ("Ex. G").

45.    On November 7, 2022, OFCCP acknowledged receipt of CIR's October 30th email and stated that the matter was under review. Ex. G.

46.    On December 11, 2020, CIR's counsel again emailed the OFCCP requesting an update. *Id.*

47.     On December 18, 2020, OFCCP responded to CIR's email reiterating that under Executive Order 12600 OFCCP was "obligated to notify submitters of the requests" because the reports contained "potentially confidential commercial information. A true and correct copy of this email correspondence is attached as Exhibit H ("Ex. H").

48.    OFCCP also stated that the Defendant does "not believe that the Northern California's District Court's decision in *Ctr. for Investigative Reporting v. U.S. Dep't of Labor* has precedential

effect on all EEO-1, Type 2 reports." Ex. H. OFCCP estimated that CIR's requests involved "the EEO-1, Type 2 reports of well over 15,000, and possibly over 20,000 submitters from countless industries" who were not bound by that court ruling. *Id.*

49.     OFCCP did not provide an update on how it would move forward with processing CIR's requests nor did it provide a timeline on when the submitters would be notified of the requests. *Id.*

50.     On January 7, 2021, CIR sent another email to DOL requesting additional information on when OFCCP had provided notices to the submitters and how the data would be released for those submitters who had already consented to release or waived their opportunity to object. *Id.*

51.     DOL failed to respond to CIR's inquiries for months.

52.     On May 10, 2021 Mr. Evans requested his initial FOIA request No. 872421 be amended to include of all consolidated Type 2 EEO-1 Reports for all federal contractors for 2017 and 2018 as well as 2016. A true and correct copy of this amendment correspondence is attached as Exhibit I ("Ex. I").

53.      On May 11, 2021 DOL combined the three individual EEO-1 requests into one request under tracking No. 872421 ("the Request"). Ex. I.

54.     On June 2, 2022, Mr. Evans submitted another FOIA request via email to OFCCP seeking all consolidated Type 2 EEO-1 Reports submitted by federal contractors in 2019 and 2018. A true and correct copy of this request is attached as Exhibit J. DOL sent an acknowledgment of this request and consolidated it with the earlier request under tracking No. 872421. *Id.*

**CIR's Objection Letter to the Department of Labor Solicitor**

55.     On May 23, 2022, after an extensive period of no communication from OFCCP[1], CIR General Counsel, D. Victoria Baranetsky, sent a letter to the Solicitor of Labor and the OFCCP Director explaining why the DOL's withholding of EEO-1 Type 2 Reports was wrongful and demanding an immediate release. A true and correct copy of this letter is attached as Exhibit K ("Ex. K").

---

[1] During this time, the government chose not to appeal the ruling in *Ctr. for Investigative Reporting v. U.S. Dep't of Labor* even though a single intervenor appealed. The U.S. Ninth Circuit Court of Appeals left the district court's decision undisturbed. 424 F. Supp. 3d 771 (N.D. Cal. Dec. 10, 2019) *aff'd*, 34 F.4th 762, 772 (9th Cir. 2022).

56.     More specifically, the letter maintained that (1) the OFCCP is bound by the 2019 *Ctr. for Investigative Reporting v. U.S. Dep't of Labor* decision requiring disclosure of EEO-1 Type 2 Reports and asserted; and (2) the OFCCP should proactively publish the records because this Court has already ruled that Diversity Reports cannot be withheld. Ex. K.

57.     On June 15, 2022 OFCCP responded to CIR's letter. A true and correct copy of this correspondence is attached as Exhibit L ("Ex. L"). OFCCP continued "to strongly disagree with" CIR's position that the *Ctr. for Investigative Reporting v. U.S. Dep't of Labor* decision has "any binding effect as to other EEO-1 reports" beyond those at issue in the case. Ex. L. OFCCP also disagreed with CIR's position that the agency could proactively publish the requested EEO-1 reports without providing submitters an opportunity to object to disclosure. *Id.*

58.     OFCCP stated that it has the authority to effectuate notice of disclosure to all federal contractors "via posting and publishing the notice in a place reasonably calculated to accomplish notification." Ex. L; 29 C.F.R. § 70.26(j).

59.     On June 16, 2022 CIR requested for a clearer timeline regarding the Request and requested a phone call with the agency. A true and correct copy of this correspondence is attached as Exhibit L ("Ex. L"). After receiving no response, CIR's counsel called DOL's counsel and requested a timeline but agency still was not able to provide any information.

60.     On June 27, 2022 OFCCP emailed CIR and stated that the agency anticipated publishing a notice in the Federal Register in July 2022. Ex. L. CIR responded by requesting DOL reconsider its position and provide justification for its withholding. *Id.*

61.     On July 6, 2022 OFCCP responded by citing agency regulations, 29 C.F.R. § 70.26, regarding its procedures. *Id.* While citing to these procedures OFCCP circumvented its obligations under FOIA and failed to explain its justification for wrongly withholding under the federal statute. *Id.*

62.     As of August 5, 2022, OFCCP had not published any information on the Federal Register, as it had previously promised, so CIR's counsel emailed OFCCP to confirm the agency's intended actions and timeline. *Id.* That same day, DOL responded and stated that the agency had just sent its information to the Federal Register for publication and was awaiting approval. *Id.*

**OFCCP's Federal Register Notice**

63.     On August 19, 2022, three years after Mr. Evans submitted his initial request for EEO-1 diversity data, OFCCP published a notice on the Federal Register informing all federal contractors that a FOIA request from CIR had been submitted for all Type 2 Consolidated EEO-1 report data. Notice of Request Under the Freedom of Information Act for Federal Contractors' Type 2 Consolidated EEO-1 Report Data, 87 Fed. Reg. 51145 (Aug. 19, 2022), https://bit.ly/3ThtEzw; Will Evans, *We Forced the Government to Share Corporate Diversity Data. It's Giving Companies an Out Instead*, REVEAL.ORG, Aug. 29, 2022, https://revealnews.org/article/we-forced-the-government-to-share-corporate-diversity-data-its-giving-companies-an-out-instead/.

64.     Further, on September 23, 2022, the OFCCP published all of its correspondence with CIR but did not publish any of its correspondence with the federal contractors or disclose any of the Diversity Reports. OFCCP, Freedom of Information Act Library, OFCCP Correspondence, https://www.dol.gov/agencies/ofccp/foia/library/Correspondence.

65.     The notice states contractors had until September 19, 2022 to submit written objections of disclosure to the OFCCP. It also states that OFCCP will make an independent evaluation of each companies' objections regarding diversity reports before making a determination. Notice of Request Under the Freedom of Information Act for Federal Contractors' Type 2 Consolidated EEO-1 Report Data, 87 Fed. Reg. 51145 (Aug. 19, 2022), https://bit.ly/3ThtEzw.

66.     OFCCP granted an extension for the contractors' deadline to October 19, 2022. *Id.*

67.     Since publication of the notice on the Federal Register, several news outlets have written stories on the withholding and law firms have published ways to object to the withholdings. *See, e.g.*, J. Edward Moreno, *Labor Department Reluctant to Reveal Contractor Diversity Data*, Bloomberg Law (October 20, 2022), *https://news.bloomberglaw.com/daily-labor-report/labor-department-reluctant-to-reveal-contractor-diversity-data*; Allen Smith, *Deadline for Objecting to Disclosure of EEO-1 Reports Extended*, SHRM Online (September 16, 2022), https://www.shrm.org/resourcesandtools/legal-and-compliance/employment-law/pages/deadline-for-objecting-to-disclosure-of-eeo-1-reports-extended.aspx; Mark J. Neuberger, *OFCCP May Blow*

*the Lid on Employers' Workforce Data,* Foley & Lardner LLP (August 23, 2022),
https://www.foley.com/en/insights/publications/2022/08/ofccp-may-blow-lid-employers-
workforce-data.

68.     On November 1, 2022 Mr. Evans received an email from another OFCCP FOIA
officer. The officer noted that the agency "intends to release to [CIR] the names of those federal
contractors that objected under an applicable FOIA exemption and whose data was removed from
public release." A true and correct copy of this correspondence is attached as Exhibit N.

69.     To date, OFCCP has made no final determination as to this Mr. Evans' combined
FOIA request and disclosed no records.

70.     More than 20 working days have passed since Plaintiffs submitted the initial request
January 15, 2019.

71.     DOL has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), requiring that an
agency make a determination with respect to a request within the 20 business days.

72.     DOL has obviated its duties promulgated under FOIA, 5 U.S.C. § 552(a) by citing
agency regulations.

73.     Having exhausted all administrative remedies, Plaintiffs now seeks injunctive relief.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

74.     Plaintiffs repeat and reallege paragraphs 1-73.

75.     DOL is subject to FOIA and must therefore release in response to a FOIA request any
disclosable records in its possession and provide a lawful reason for withholding any materials as to
which it is claiming an exemption.

76.     DOL has no lawful basis for declining to a significant portion of the records requested
by Plaintiffs under FOIA.

77.     DOL has failed to act on Plaintiffs' request within the 20 business days required by
FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their
administrative remedies under FOIA.

78.     DOL has failed to comply with FOIA's obligations by citing to agency regulations.

79.     Plaintiffs are entitled to declaratory and injunctive relief compelling the release and disclosure of the requested records.

### REQUESTED RELIEF

WHEREFORE, Plaintiffs prays that this Court:

1.      Declare that Defendant DOL violated FOIA by failing to provide requested records in response to Plaintiffs' FOIA requests and failing to notify Plaintiffs of any determination;

2.      Declare that Defendant DOL violated FOIA by citing agency guidelines to circumvent the law;

3.      Declare that the documents sought by their FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

4.      Order Defendant DOL to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

5.      Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

6.      Grant Plaintiffs such other and further relief as this Court may deem just and proper.

DATED:  November 15, 2022

Respectfully submitted,

By: _/s/ D. Victoria Baranetsky_
D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Email: vbaranetsky@revealnews.org

Attorney for Plaintiffs

JS-CAND 44 (Rev. 10/2020)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

The Center for Investigative Reporting and Will Evans

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

D. Victoria Baranetsky, General Counsel, The Center for

## DEFENDANTS

U.S. Department of Labor

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II.   BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 | U.S. Government Plaintiff |
| ☐ 2 | U.S. Government Defendant |
| ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III.   CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.   NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC § 881 | ☐ 422 Appeal 28 USC § 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC § 157 | ☐ 376 Qui Tam (31 USC § 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 710 Fair Labor Standards Act | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment Of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 720 Labor/Management Relations | ☐ 830 Patent | ☐ 430 Banks and Banking |
| | ☐ 340 Marine | | ☐ 740 Railway Labor Act | ☐ 835 Patent─Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 751 Family and Medical Leave Act | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 790 Other Labor Litigation | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury -Medical Malpractice | ☐ 385 Property Damage Product Liability | **IMMIGRATION** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | | ☐ 462 Naturalization Application | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 465 Other Immigration Actions | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 440 Other Civil Rights | **HABEAS CORPUS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 445 Amer. w/Disabilities– Employment | ☐ 535 Death Penalty | | ☐ 871 IRS–Third Party 26 USC § 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 446 Amer. w/Disabilities–Other | **OTHER** | | | |
| ☐ 245 Tort Product Liability | ☐ 448 Education | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee– Conditions of Confinement | | | |

## V.   ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation–Transfer | ☐ 8 Multidistrict Litigation–Direct File |

## VI.   CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Freedom of Information Act 5 U.S.C. 552

Brief description of cause:
Action under the Freedom of Information Act for injunctive and other appropriate relief.

## VII.   REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII.   RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE                          DOCKET NUMBER

## IX.   DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

(Place an "X" in One Box Only)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA-MCKINLEYVILLE

**DATE** 11/15/2022   **SIGNATURE OF ATTORNEY OF RECORD** /s/ Victoria Baranetsky

[ Print ]   [ Save As... ]   [ Reset ]

# Exhibit A



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                                    Thu, Oct 14, 2021 at 2:41 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **FOIARequests** <FOIARequests@dol.gov>
Date: Tue, Jan 15, 2019 at 2:35 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>


Hello:


Your request has been assigned to OFCCP with tracking number **872421**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.


Sincerely,


**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC  20210

T: (202) 693-5531 | F: (202) 693-5389 |  E: karamoko.arginia@dol.gov




**From:** Will Evans <wevans@revealnews.org>
**Sent:** Thursday, January 10, 2019 7:13 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Cc:** Victoria Baranetsky <vbaranetsky@revealnews.org>
**Subject:** FOIA request - OFCCP


Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2016.**

I am requesting this data in electronic format, by email.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209



10/14/21, 3:39 PM                                       Center for Investigative Reporting Mail / Let's acknowledge it

www.revealnews.org

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

# Exhibit B



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                               Thu, Oct 14, 2021 at 2:38 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Mon, Mar 25, 2019 at 1:32 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to OFCCP with tracking number **875877**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor ǀ Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 ǀ Washington, DC  20210

T: (202) 693-5531 ǀ F: (202) 693-5389 ǀ  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, March 25, 2019 1:57 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OFCCP

ER-556

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017.**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209

www.revealnews.org


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

# Exhibit C

**U.S. Department of Labor**

Office of Federal Contract
Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



JUL 18 2019

Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 872421

Dear Mr. Evans:

This letter is a follow-up to your Freedom of Information Act (FOIA) request submitted to the
Office of Federal Contract Compliance Programs (OFCCP). Please refer to the above-referenced
FOIA tracking number in any future correspondence regarding your FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal
contractors for 2016. As you know from your earlier requests, in accordance with 29 CFR §
70.26, OFCCP is required to notify submitters that their business information has been requested
under the FOIA to give them an opportunity to object in writing to disclosure of any specified
portion of the requested information.

Though you request is reasonably described, we have determined that there are more than
100,000 responsive records. Reaching out to each of the companies affected by your voluminous
request would overwhelm the OFCCP FOIA unit for the foreseeable future, and the cost in
sending more than 100,000 letters would be unduly burdensome. If you wish to narrow the scope
of your request, please send a revised request to the address referenced above or send an e-mail
to OFCCP_NO_FOIA@dol.gov. In the event that we do not receive a response from you within
thirty (30) days from the date of this letter, we will administratively close your request.

Should you have questions regarding your request, please contact this office at (202) 693-0101
or by email at OFCCP_NO_FOIA@dol.gov. If you need further assistance or would like to
discuss any aspect of your request, please do not hesitate to contact the DOL FOIA Public
Liaison, Thomas Hicks, at (202) 693-5427.

Alternatively, you may contact the Office of Government Information Services within the
National Archives and Records Administration (OGIS) to inquire about the mediation services
they offer. The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD
20740-6001. You can also reach that office by e-mail at ogis@nara.gov, by phone at (202) 741-
5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must state in writing the grounds for the appeal, and it may include any supporting statements or arguments, but such statements are not required. In order to facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. The envelope and letter of the appeal should be clearly marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in writing and received prior to a decision. The appeal should be addressed to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. Appeals may also be submitted by email to foiaappeal@dol.gov. Appeals submitted to any other email address will not be accepted.

Sincerely,

D. Lissette Geán
Special Assistant

# Exhibit D



**Dara Gray <dgray@revealnews.org>**

---

## Fwd: re FOIA 872421
1 message

---

**Will Evans** <wevans@revealnews.org>                                          Wed, Nov 9, 2022 at 3:34 PM
To: Dara Gray <dgray@revealnews.org>

---------- Forwarded message ---------
From: **Will Evans** <wevans@revealnews.org>
Date: Thu, Aug 8, 2019 at 1:10 PM
Subject: re FOIA 872421
To: Bruce Andersen - OFCCP <Andersen.Bruce@dol.gov>
Cc: Victoria Baranetsky <vbaranetsky@revealnews.org>

Dear FOIA Officer,
This is in regards to your July 18, 2019 letter requesting that I narrow my original request because it would be unduly
burdensome to notify all affected companies. The notification requirements, however, do not apply here because no
exemption applies. The agency, in fact, has previously determined that no exemption applies and has released Type 2
EEO-1 reports in response to previous FOIA requests. Because the agency does not need to notify any companies,
providing a spreadsheet is not unduly burdensome, and there is no need to narrow the request.
Thank you for your work on this request.
Best,
Will Evans

--
Will Evans
reporter
o: 510-809-2209



www.revealnews.org

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
cell: 510-333-9584
www.revealnews.org

---

📄 **OFCCP FOIA 872421.pdf**
478K

# Exhibit E

(31 of 109) Page 31 of 109 Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 31 of 109

5/17/22, 10:24 AM · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · Reveal Mail - Fwd: Acknowledgment

Case 3:22-cv-07182 · · · · Document · · · · Filed 11/15/22 · · · · Page 2 of 6



Shawn Musgrave <smusgrave@revealnews.org>

## Fwd: Acknowledgment
1 message

**Will Evans** <wevans@revealnews.org>                                          Fri, Oct 15, 2021 at 6:51 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Fri, Sep 18, 2020 at 12:50 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to the Office of Federal Contract Compliance Programs (OFCCP) with tracking number **897123**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC  20210

T: (202) 693-5531 | F: (202) 693-5389 |  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Friday, September 11, 2020 8:26 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018.**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," **as federal contractor EEO-1s have been determined to be public records that must be disclosed, not confidential commercial information**. Please see the Dec. 10, 2019 ruling by Judge Kandis Westmore in U.S. District Court for the Northern District of California, 4:19-cv-01843-KAW (attached).

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608



www.revealnews.org

ER-566

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

**U.S. Department of Labor**

Office of Federal Contract Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



October 2, 2020


Via Electronic Mail

Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Mr. Evans:

This letter is to acknowledge receipt of your Freedom of Information Act (FOIA) request submitted to *foiarequest@dol.gov*.  The Office of the Solicitor assigned your request to the Office of Federal Contract Compliance Programs (OFCCP) on September 18, 2020.  Please refer to the above-referenced FOIA tracking number in any future correspondence regarding your FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018.

We consider you to be a representative of the news media as defined by the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(3), therefore, only reproduction costs will be assessed, excluding charges for the first 100 pages.  You will receive written notification if the total estimated fee for processing your request exceeds $25.00.

OFCCP's National Office will process your request for EEO-1 data.  Once we compile the data, we will send a letter to the submitters notifying them of the request for their EEO-1 data.

In accordance with 29 CFR § 70.26 and Executive Order 12600, because your request covers information that may be protected from disclosure under FOIA Exemption 4, OFCCP is required to notify submitters that their information has been requested under the FOIA to give them an opportunity to object in writing to disclosure of any specified portion of the requested information.  For those submitters who do not object, we will provide the information with any necessary redactions consistent with FOIA.  For those submitters who do object, OFCCP will evaluate any response provided by the submitter as to why the requested information should be withheld and make its own determination as to whether the specific facts and relevant law warrant disclosure or withholding of the requested information.

Due to the volume and complexity of the FOIA requests we have received, we anticipate that providing a full response will take longer than 20 business days to fulfill.  Accordingly, OFCCP will take an additional 10 business days to fulfill your request as afforded by the FOIA at 5 U.S.C. § 552(a)(6)(B)(i).  We will contact you if we are unable to fulfill your request in 30 business days.

We consider you a "news media" type of requestor.  As a "news media" requestor, we charge you for photocopying after the first 100 pages in accordance with the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(4).  DOL's FOIA regulations at 29 CFR § 70.42(a) deem that the filing of a FOIA constitutes an agreement by the requester to pay all fees up to $25.00.

If you need further assistance or would like to discuss any aspect of your request, please do not hesitate to contact this office at (202) 693-0101 or by email at OFCCP_NO_FOIA@dol.gov.  Alternatively, you may wish to contact the DOL FOIA Public Liaison, Thomas Hicks, at (202) 693-5427 or by email at hicks.thomas@dol.gov.

You may also contact the Office of Government Information Services (OGIS), within the National Archives and Records Administration (NARA), to inquire about the mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001.  You can also reach that office by email at ogis@nara.gov, by phone at (202) 741-5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter.  In the appeal, you must state in writing the grounds for the appeal, and may include any supporting statements or arguments, but such statements are not required.  To facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter.  Clearly mark "Freedom of Information Act Appeal" on the envelope and letter of the appeal.  You must make any amendment to the appeal in writing and we must receive it prior to a decision.  Address the appeal to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210.  You may submit your appeal by email to foiaappeal@dol.gov.  The Department does not accept appeals submitted to any other email address.

Sincerely,

DORIS GEAN  Digitally signed by DORIS GEAN

Doris Lissette Geán
FOIA Manager

2

# Exhibit F

**U.S. Department of Labor**

Office of Federal Contract Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



October 2, 2020

Via Electronic Mail

Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Mr. Evans:

This letter is to acknowledge receipt of your Freedom of Information Act (FOIA) request
submitted to *foiarequest@dol.gov*.  The Office of the Solicitor assigned your request to the
Office of Federal Contract Compliance Programs (OFCCP) on September 18, 2020.  Please refer
to the above-referenced FOIA tracking number in any future correspondence regarding your
FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal
contractors for 2018.

We consider you to be a representative of the news media as defined by the U.S. Department of
Labor FOIA regulations at 29 CFR § 70.40(c)(3), therefore, only reproduction costs will be
assessed, excluding charges for the first 100 pages.  You will receive written notification if the
total estimated fee for processing your request exceeds $25.00.

OFCCP's National Office will process your request for EEO-1 data.  Once we compile the data,
we will send a letter to the submitters notifying them of the request for their EEO-1 data.

In accordance with 29 CFR § 70.26 and Executive Order 12600, because your request covers
information that may be protected from disclosure under FOIA Exemption 4, OFCCP is required
to notify submitters that their information has been requested under the FOIA to give them an
opportunity to object in writing to disclosure of any specified portion of the requested
information.  For those submitters who do not object, we will provide the information with any
necessary redactions consistent with FOIA.  For those submitters who do object, OFCCP will
evaluate any response provided by the submitter as to why the requested information should be
withheld and make its own determination as to whether the specific facts and relevant law
warrant disclosure or withholding of the requested information.

Due to the volume and complexity of the FOIA requests we have received, we anticipate that providing a full response will take longer than 20 business days to fulfill. Accordingly, OFCCP will take an additional 10 business days to fulfill your request as afforded by the FOIA at 5 U.S.C. § 552(a)(6)(B)(i). We will contact you if we are unable to fulfill your request in 30 business days.

We consider you a "news media" type of requestor. As a "news media" requestor, we charge you for photocopying after the first 100 pages in accordance with the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(4). DOL's FOIA regulations at 29 CFR § 70.42(a) deem that the filing of a FOIA constitutes an agreement by the requester to pay all fees up to $25.00.

If you need further assistance or would like to discuss any aspect of your request, please do not hesitate to contact this office at (202) 693-0101 or by email at OFCCP_NO_FOIA@dol.gov. Alternatively, you may wish to contact the DOL FOIA Public Liaison, Thomas Hicks, at (202) 693-5427 or by email at hicks.thomas@dol.gov.

You may also contact the Office of Government Information Services (OGIS), within the National Archives and Records Administration (NARA), to inquire about the mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also reach that office by email at ogis@nara.gov, by phone at (202) 741-5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. In the appeal, you must state in writing the grounds for the appeal, and may include any supporting statements or arguments, but such statements are not required. To facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. Clearly mark "Freedom of Information Act Appeal" on the envelope and letter of the appeal. You must make any amendment to the appeal in writing and we must receive it prior to a decision. Address the appeal to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. You may submit your appeal by email to foiaappeal@dol.gov. The Department does not accept appeals submitted to any other email address.

Sincerely,

DORIS GEAN   Digitally signed by DORIS GEAN

Doris Lissette Geán
FOIA Manager

2

# Exhibit G

11/15/22, 3:56 PM                    Center for Investigative Reporting Mail — Fwd: Freedom of Information Act Request Acknowledgement – Tracking No. 897123



**Dara Gray <dgray@revealnews.org>**

---

## Fwd: Freedom of Information Act Request Acknowledgement – Tracking No. 897123

**Dara Gray** <dgray@revealnews.org>                                    Tue, Nov 15, 2022 at 3:55 PM
To: Dara Gray <dgray@revealnews.org>

---------- Forwarded message ---------
From: **Alexandra Gutierrez** <agutierrez@revealnews.org>
Date: Fri, Dec 11, 2020 at 4:41 PM
Subject: Re: Freedom of Information Act Request Acknowledgement – Tracking No. 897123
To: OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>
Cc: Victoria Baranetsky <vbaranetsky@revealnews.org>, Will Evans <wevans@revealnews.org>, Hicks, Thomas - SOL
<Hicks.Thomas@dol.gov>


   VIA EMAIL

   Doris Lissette Geán
   FOIA Manager
   Department of Labor
   200 Constitution Avenue, N.W.
   Washington, D.C. 20210
   OFCCP_NO_FOIA@dol.gov


   Re:  Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Ms. Geán:

       We are following up on your e-mail correspondence dated November 7, 2020, and we write seeking
an update as to the status of FOIA Request No. 897123.  We would also like to remind the Department that
Judge Westmore's opinion remains in effect, *see Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, 424
F. Supp. 3d 771 (N.D. Cal. 2019), as a stay was granted only as to Synopsys's records, *see Ctr. for
Investigative Reporting v. U.S. Dep't of Labor*, No. 4:19-CV-01843-KAW, ECF No. 79 (July 20, 2020).
Unless and "until its decision is reversed for error by orderly review, either by itself or by a higher court, its
orders based on its decision are to be respected."  *United States v. Mine Workers*, 330 U.S. 258, 294 (1947)
(citation omitted).

       Again, thank you for your assistance for this matter.  We look forward to the expeditious fulfillment
of the request and to the avoidance of unnecessary litigation.

Sincerely,


Alexandra M. Gutierrez

cc:    D. Victoria Baranetsky, General Counsel, Center for Investigative Reporting
       Will Evans, Report, Center for Investigative Reporting
       Thomas Hicks, DOL FOIA Public Liaison

enc: PDF copy

On Sat, Nov 7, 2020 at 1:50 PM OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov> wrote:

Good afternoon Ms. Gutierrez,

We acknowledge receipt of your email/letter.  We are reviewing it and will get back to them shortly.

Thank you,

**D. Lissette Geán**

FOIA Manager

Office of Federal Contract Compliance Programs

---

**From:** Alexandra Gutierrez <agutierrez@revealnews.org>
**Sent:** Friday, October 30, 2020 8:56 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Cc:** Victoria Baranetsky <vbaranetsky@revealnews.org>; Will Evans <wevans@revealnews.org>; Hicks, Thomas - SOL <Hicks.Thomas@dol.gov>
**Subject:** Re: Freedom of Information Act Request Acknowledgement – Tracking No. 897123

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

VIA EMAIL

Doris Lissette Geán

FOIA Manager

Department of Labor

200 Constitution Avenue, N.W.

Washington, D.C. 20210

OFCCP_NO_FOIA@dol.gov

Re:  Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Ms. Geán:

ER-575

11/15/22, 3:56 PM                     Center for Investigative Reporting Mail - Freedom of Information Act Request Acknowledgement – Tracking No. 897123

We received your letter dated October 2, 2020, acknowledging FOIA Request No. 897123 made by Center for Investigative Reporting ("CIR") reporter Will Evans.  That request seeks a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018, and it is a follow-on request to FOIA Request No. 875877 (seeking same for 2017) and 872421 (same for 2016).

CIR understands that the Department of Labor intends to act in contravention of a federal court decision and grant EEO-1 submitters the opportunity to object in writing to disclosure of information pertaining to them.  CIR would like to remind DOL that, just last year, Judge Westmore addressed CIR's request for 2016 EEO-1 report data and concluded that the "Government was not justified in applying Exemption 4" to this information, requiring the EEO-1 reports to "be produced unredacted."  *Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019).

The Government chose not to appeal this still-binding ruling.  *See Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, No. 4:19-CV-01843-KAW, 2020 WL 554001, at *1 (N.D. Cal. Feb. 4, 2020) (noting DOL's decision "that it would not be appealing the December 10, 2019 order").  Moreover, all but one of the relevant EEO-1 submitters decided against intervention.  Although the District Court has permitted a single third party, Synopsys, Inc., to intervene for the limited purpose of appealing the December 10, 2019 order, *see Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, No. 4:19-CV-01843-KAW, ECF No. 79 (July 20, 2020), the Government has indeed noticed an intention to cross-appeal and oppose that intervention, *see id.*, ECF No. 93 (Sept. 18, 2020).  The December 10, 2019 order generally remains in effect, as the parties, including the Government, stipulated that it would only be stayed as to the "disclosure of the requested Synopsys information."  *Id.*, ECF No. 87, ¶ 2 (July 28, 2020).

Given the continuing force of the December 10, 2019 order and the Government's current position on this litigation, CIR is perplexed by DOL's current plan of action as to FOIA Request No. 897123.  We hope this clarifies any existing misunderstanding and allows us to avoid needless, repetitive litigation.  We thank you in advance for your fulfillment of this request.

Sincerely,

Alexandra M. Gutierrez

cc:    D. Victoria Baranetsky, General Counsel, Center for Investigative Reporting
       Will Evans, Report, Center for Investigative Reporting
       Thomas Hicks, DOL FOIA Public Liaison

enc: PDF copy

--
Dara Gray
First Amendment Fellow
c: (404) 395-2356

https://mail.google.com/mail/u/0/?ik=5d9704e36e&view=pt&search=all&permmsgid=msg-a%3Ar-1263056037418785384&dsqt=1&simpl=msg-a%3Ar-126305603...    3/4



---

📄 **FOIAReq897123_Dec112020Letter.pdf**
414K

# Exhibit H



Shawn Musgrave <smusgrave@revealnews.org>

---

## Fwd: Freedom of Information Act Requests – Tracking Nos. 872421 and 897123

**Will Evans** <wevans@revealnews.org>                                    Thu, Sep 30, 2021 at 10:30 PM
To: Shawn Musgrave <smusgrave@revealnews.org>


---------- Forwarded message ---------
From: **Alexandra Gutierrez** <agutierrez@revealnews.org>
Date: Thu, Jan 7, 2021 at 9:13 AM
Subject: Re: Freedom of Information Act Requests – Tracking Nos. 872421 and 897123
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>
Cc: Victoria Baranetsky <vbaranetsky@revealnews.org>, Will Evans <wevans@revealnews.org>, Hicks, Thomas - SOL <hicks.thomas@dol.gov>


VIA E-MAIL

Doris Lissette Geán
FOIA Manager
Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
OFCCP_NO_FOIA@dol.gov


Re:  Freedom of Information Act Request Acknowledgement – Tracking No. 897123


Dear Ms. Geán,

We are following up on your December 18, 2020 e-mail. While we are considering are options as to the Department of Labor's current position as to our reporter's request, we seek answers to the following questions:

1. When did the Department provide E.O. 12600 notices to submitters?
2. Have any submitters responded, either objecting or consenting?
3. For those submitters who have consented or have waived their opportunity to object due to the passage of a reasonable amount of time, would the Department be able to provide their submitted reports on a rolling basis.

We appreciate your attention to these inquiries.

Sincerely,

Alexandra M. Gutierrez

cc:    D. Victoria Baranetsky, General Counsel, Center for Investigative Reporting
       Will Evans, Reporter, Center for Investigative Reporting
       Thomas Hicks, DOL FOIA Public Liaison

On Fri, Dec 18, 2020 at 9:32 AM Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov> wrote:
   Via Electronic Mail

   Dear Ms. Gutierrez:

   We have received your December 11, 2020, e-mail inquiring about outstanding FOIA requests that,
   combined, seek two years (2016 and 2018) of EEO-1 consolidated (Type 2) reports for all federal
   contractors.

   As you are aware, we have complied with the district court's order and released the 2016 reports of the
   individual submitters who have not appealed the court's decision in the matter of *Ctr. for Investigative
   Reporting v. U.S. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019). Your outstanding FOIA
   requests seek the EEO-1, Type 2 reports of well over 15,000, and possibly over 20,000 submitters from
   countless industries whose reports are not subject to that court order.

   We continue to be subject to Executive Order 12600 and are obligated to notify submitters of requests for
   their potentially confidential commercial information. *See* 29 C.F.R. § 70.26. Under Executive Order
   12600, we must afford submitters a reasonable period of time to object to the disclosure of any portion of
   the information and to state all grounds upon which disclosure is opposed.  The submitters that are the
   subject of your request have not had the opportunity to demonstrate whether their EEO-1, Type 2 reports
   contain confidential commercial information.  Moreover, while we do not believe that the Northern
   California's District Court's decision in *Center for Investigative Reporting* has precedential effect on all
   EEO-1, Type 2 reports, we note that this matter is currently on appeal before the U.S. Court of Appeals for
   the Ninth Circuit and there is still a chance that the district court's holding may be overturned.


   Sincerely,




   D. Lissette Geán

   FOIA Manager


--
Alexandra M. Gutierrez
First Amendment Fellow
**(c)** 907-209-1799



--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

# Exhibit I

(49 of 109), Page 49 of 109  Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 49 of 109
Case 3:22-cv-07182   Document [illegible]   Filed 11/16/[...]  Page [...] of 3
10/14/21, 11:29 AM



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: amendment request

**Will Evans** <wevans@revealnews.org>                    Thu, Sep 30, 2021 at 10:28 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **OFCCP NO FOIA** <OFCCP_NO_FOIA@dol.gov>
Date: Tue, May 11, 2021 at 9:05 AM
Subject: RE: amendment request
To: Will Evans <wevans@revealnews.org>

Dear Mr. Evans,

We have modified request 872421 to include a spreadsheet of the consolidated (Type 2) EEO-1 reports for all federal
contractors for the years 2016 through 2018.

We will administratively close request 897123.

Cordially,

Bruce Andersen

The OFCCP FOIA Team

---

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, May 10, 2021 1:02 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Subject:** amendment request

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding
with sensitive information. Send suspicious email to spam@dol.gov.

Dear FOIA Officer,

I would like to amend my FOIA request #872421 to include a spreadsheet of all consolidated (Type 2) EEO-1 reports for
all federal contractors for 2017 and 2018 as well as 2016.

ER-583

10/14/21, 11:29 AM    Center for Investigative Reporting Mail - FOIA amendments

If you agree to this amendment, I will withdraw my separate FOIA #897123 for the 2018 data.


Please let me know.
Thank you very much.
Best,

Will Evans

--

Will Evans

reporter

office: 510-809-2209

cell: 510-333-9584



www.revealnews.org


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

https://mail.google.com/mail/u/0?ik=65e5ad97f2&view=pt&search=all&permmsgid=msg-f%3A1712393912265714166&simpl=msg-f%3A1712393912265714166    2/2

# Exhibit J

(52 of 109), Page 52 of 109   Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 52 of 109
11/10/22, 12:49 PM                    Center for Investigative Reporting Mail - Fwd: FOIA 872421 - Amendment
                            Case 3:22-cv-07182 Document 1 Filed 11/15/22 Page 2 of 3



**Dara Gray <dgray@revealnews.org>**

---

## Fwd: FOIA 872421 - Amendment
1 message

---

**Will Evans** <wevans@revealnews.org>                                    Wed, Nov 9, 2022 at 2:01 PM
To: Dara Gray <dgray@revealnews.org>


---------- Forwarded message ---------
From: **Office of Federal Contract Compliance Programs** <ofccp_no_foia@dol.gov>
Date: Fri, Jun 3, 2022 at 10:52 AM
Subject: RE: FOIA 872421 - Amendment
To: <wevans@revealnews.org>
Cc: <vbaranetsky@revealnews.org>


Dear Mr. Evans,

We have received your latest email. We will modify request 872421 to include both the 2019 and 2020 data. Your request is now for the consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2020.

Cordially,

Bruce Andersen

The OFCCP FOIA Team


**From:** Will Evans wevans@revealnews.org
**Sent:** Thursday, June 2, 2022 4:45 PM
**To:** FOIARequests FOIARequests@dol.gov
**Cc:** OFCCP NO FOIA OFCCP_NO_FOIA@DOL.GOV
**Subject:** FOIA request- OFCCP


CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:


**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2019 and 2020.**


I am requesting this data in electronic format, by email.

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

ER-586

(53 of 109), Page 53 of 109   Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 53 of 109

11/10/22, 12:49 PM          Case 3:22-cv-07182   Document 1   The Center for Investigative Reporting Mail   Exhibit 3   05/11/23   Page 3 of 3

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting

PO Box 8307

Emeryville, CA 94608

--

Will Evans

reporter

Reveal from The Center for Investigative Reporting

cell: 510-333-9584

www.revealnews.org


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
cell: 510-333-9584
www.revealnews.org

# Exhibit K



Secretary of Labor Martin J. Walsh
Office of the Secretary of Labor
200 Constitution Ave, NW
Room C-2318
Washington, DC 20210

Solicitor of Labor Seema Nanda
Office of the Solicitor of Labor
200 Constitution Ave, NW
Washington, DC 20210

Director Jenny R. Yang
Office of Federal Contract Compliance Programs
200 Constitution Ave, NW
Room C–3325
Washington, DC 20210


May 23, 2022


VIA ELECTRONIC DELIVERY


**Re: FOIA Request No. 872421 and DOL's Wrongful Withholding of EEO-1 Type 2 Forms
That Should be Released and Published Prospectively**


To Whom It May Concern:

The Center for Investigative Reporting ("CIR") writes to object to the agency's
withholding of records requested under the Freedom of Information Act ("FOIA") by our
reporter, Mr. Will Evans.  Mr. Evans's FOIA request, which has been pending for *more than
three years*, seeks disclosure of aggregate workforce diversity data submitted by federal
contractors to the Department of Labor ("DOL")'s Office of Federal Contract Compliance
Programs ("OFCCP").  This withholding is in contravention of legal authority.

According to OFCCP, the agency's extensive delay in responding to this request is due to
its need to consult with thousands of federal contractors to ascertain whether they object to

1400 65th, Suite 200 Emeryville, CA 94608
PHONE  510 809 3160                    TWITTER  @reveal
WEB  revealnews.org

ER-589

disclosure of their diversity data.  It is unclear whether OCFPP has attempted to initiate that process.  Nevertheless, CIR disputes that such consultation is appropriate or necessary in the first instance.  The agency's withholding is in direct contravention of law in light of recent court decisions, including a federal district court ordering disclosure of diversity data, an opinion which the DOL did not appeal and which the U.S. Ninth Circuit Court of Appeals left undisturbed, as discussed below.  These records should be disclosed immediately.  Regardless, even if the agency wanted to formalize this disclosure process moving forward, by proactively publishing these records on its website, it could provide a broad notice to companies, instead of reaching out to federal contractors individually.  According to agency rules, DOL has the authority to expedite its consultation process by publishing notices in the Federal Register.

In light of its obligations under FOIA, CIR demands DOL disclose the requested records and prospectively publish these records online.  If DOL fails to act and continues to withhold these records, CIR will be required to file suit under FOIA, yet a third time.

## I.    Background on EEO-1 Reports

Since 1966, certain federal contractors have been required to submit workforce demographic data to the U.S. Equal Opportunity Commission on an annual basis.[1]  OFCCP uses these diversity reports, the EEO-1 Consolidated Reports (Type 2) ("EEO-1 Type 2 reports") to evaluate contractors' compliance with anti-discrimination laws, particularly Executive Order 11246.[2]  For decades, momentum has been growing to make the diversity data in EEO-1 Type 2 reports accessible and keep federal contractors accountable to the public.  As far back as 1974, courts have required EEO-1 Type 2 reports to be disclosed under FOIA.[3]  Many companies now post their reports online as part of their own social responsibility commitments.[4]  Members of

---

[1] *See* 41 C.F.R. § 60-1.7(a).
[2] *See* 30 Fed. Reg. 12,319 (Sept. 28, 1965).
[3] As OFCCP explains on its website, "[C]ourts have ruled that the Title VII prohibition against disclosure does not apply to OFCCP's collection of EEO-1 data."  OFCCP, *Freedom of Information Act (FOIA) Frequently Asked Questions*, https://www.dol.gov/agencies/ofccp/faqs/foia (citing *Sears Roebuck & Co. v. Gen. Servs. Admin.*, 509 F.2d 527, 529 (D.C. Cir. 1974) as one such ruling).
[4] For example, Intel proactively began posting diversity reports online in 2008.  Intel, *Workforce Demographics*, 2008, http://web.archive.org/web/20081224004419/http://www.intel.com/intel/diversity/divpractice.htm.  Google began posting its diversity data in 2014 after a similar FOIA lawsuit, and Microsoft followed suit in 2015.  Murrey Jacobson, *Google finally discloses its diversity record, and it's not good*, PBS NEWSHOUR, May 28, 2014, https://www.pbs.org/newshour/nation/google-discloses-workforce-diversity-data-good; Laura Lorenzetti, *Microsoft releases diversity stats: How the tech giant sizes up*, FORTUNE, Jan. 5, 2015, https://fortune.com/2015/01/05/microsoft-eeo-1-diversity-tech.

2

Congress[5] and legislative commissions,[6] civil rights activists,[7] and scholars have been calling for this data to be more accessible, including in response to CIR's reporting.  In March 2019, after CIR sued DOL for diversity data the first time, Representative Emanuel Cleaver II wrote to the DOL stating this data should not be withheld under Exemption 4, as EEO-1 reports "enumerate the diversity of firms accepting the taxpayer money."[8]

As part of his reporting for CIR over the last decade, Mr. Evans has submitted numerous FOIA requests to OFCCP for EEO-1 Type 2 reports and data.  In addition to the FOIA request addressed herein, Mr. Evans has previously requested EEO-1 Type 2 reports regarding specific companies and CIR has previously sued DOL twice over its refusal to release these reports on the basis of Exemption 4.  The first of these lawsuits was voluntarily dismissed in 2018 after DOL reversed its prior determination that five companies' reports were exempt.[9]  In the second lawsuit, the court granted summary judgment to CIR, ruling in December 2019, "the Government failed to make a showing that the demographic information contained in the EEO-1 reports is commercial.[10]  As a result, the Government was not justified in applying Exemption 4 to the EEO-1 reports, and the court ruled they "must be produced unredacted."[11]  The government chose not to appeal that ruling and the U.S. Ninth Circuit Court of Appeals recently

---

[5] Members of Congress have called for greater access to diversity reports, both via companies' proactive disclosures and via OFCCP's disclosures under FOIA.  *See, e.g.*, Jessica Guyun, *Barbara Lee calls on Apple, tech holdouts to release diversity data*, USA TODAY, Aug. 4, 2015, https://www.usatoday.com/story/tech/2015/08/04/barbara-lee-black-caucus-federal-diversity-data- apple/31128479.

[6] The Federal Glass Ceiling Commission, created by the Civil Rights Act of 1991, stated in its 1995 report that the government should "explore the possibility of mandating public release of EEO-1 forms for Federal contractors and publicly-traded corporations."  GLASS CEILING COMM'N, *A Solid Investment: Making Full Use of the Nation's Human Capital* 42-43, Nov. 1, 1995, https://ecommons.cornell.edu/handle/1813/79349.

[7] For example, civil rights activist Rev. Jesse Jackson has called on companies to release diversity statistics.  *See* Salvador Rodriguez, *Jesse Jackson Gives Uber a Diversity Deadline*, INC.COM, Jan. 5, 2017, https://www.inc.com/salvador-rodriguez/uber-diversity-jesse-jackson.html.

[8] Letter from Emanuel Cleaver II, Member of Congress, U.S. House of Representatives, to Alexander Acosta, Secretary, U.S. Department of Labor (Mar. 6, 2019), https://cleaver.house.gov/sites/cleaver.house.gov/files/DOL  FOIA.pdf.

[9] *Ctr for Investigative Reporting v. Dep't of Labor*, No. 3:18-cv-02008 (N.D. Cal. Dec. 21, 2018).

[10] *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. Dec. 10, 2019).

[11] *Id.*

3

left it undisturbed following a belated challenge by the single holdout company whose data was at issue.[12]

OFCCP asserts that DOL regulations and Executive Order 12600 require notification to individual submitters to consult if this information qualifies as "confidential commercial information."[13]  First, the very same DOL regulations allow such notification "by posting or publishing notice reasonably likely to accomplish such notification" in cases where "notification to a voluminous number of submitters is required."[14]  Second, either time-consuming and burdensome notification process directly contradicts a federal court opinion requiring disclosure. Now that EEO-1 Type 2 reports have been ruled as outside the scope of Exemption 4, any such consultation is in contravention of a federal court decision.  The agency's own prior actions confirm this conclusion.  In a similar context, DOL released data online regarding workplace injuries and illnesses for tens of thousands of employers — without consulting with each company individually — after courts ruled this data is outside the scope of Exemption 4.[15]

## II.  Procedural History

Mr. Evans submitted the requested EEO-1 Type 2 data for all federal contractors more than three years ago, in January 2019.  He initially submitted three separate requests for annual data for the years 2016, 2017, and 2018.  *See* Exhibits A, B, and C.[16]  In May 2021, at OFCCP's request, Mr. Evans agreed to combine these requests into one FOIA request for all three years' worth of data.  *See* Exhibit D.  That combined request has been assigned OFCCP tracking number 872421.  *Id.*

On numerous occasions, OFCCP indicated that Mr. Evans's request required company-by-company consultation which posed logistical challenges due to the volume of federal contractors who might object to disclosure of their diversity data.  For example, in July 2019, the OFCCP FOIA office estimated that there were "more than 100,000 responsive records"

---

[12] *Evans v. Synopsys*, No. 20-16416 (9th Cir. May 12, 2022), https://cdn.ca9.uscourts.gov/datastore/opinions/2022/05/12/20-16416.pdf (dismissing company's untimely appeal for lack of jurisdiction).

[13] 29 C.F.R. § 70.26; *see also* OFCCP FOIA website, *supra* note 3.

[14] 29 C.F.R. § 70.26(c); *see also* 29 C.F.R. § 70.26(j) ("Where notification of a voluminous number of submitters is required, such notification may be accomplished by posting and publishing the notice in a place reasonably calculated to accomplish notification.")

[15] DOL, *U.S. Department of Labor Releases Work-Related Injury and Illness Data*, Sept. 4, 2020, https://www.dol.gov/newsroom/releases/osha/osha20200904; *see also Ctr. for Investigative Reporting v. Dep't of Labor*, No. 4:18-cv-02414, 2020 WL 2995209 (N.D. Cal. June 4, 2020); *Public Citizen Foundation v. Dep't of Labor*, No. 1:18-cv-00117 (D.D.C. June 23, 2020).

[16] The FOIA request for the 2016 EEO-1 Type 2 data was submitted on January 10, 2019, and assigned tracking number 872421.  Ex. A.  The FOIA request for the 2017 data was submitted on March 25, 2019, and assigned tracking number 875877.  Ex. B.  The FOIA request for the 2018 data was submitted on September 11, 2020, and assigned tracking number 897123.  Ex. C.

4

1400 65th, Suite 200  Emeryville, CA 94608
PHONE 510 809 3160 ███████████  TWITTER @CIRonline
████████ WEB cironline.org

pertaining to the 2016 data, and that "the cost in sending more than 100,000 letters would be unduly burdensome."  *See* Exhibit E.  Following the December 2019 ruling in CIR's favor, OFCCP suggested the court's ruling did not have any "precedential effect" and that it was obligated to consult individual federal contractors in response to Mr. Evans's request for aggregate data.  *See* Exhibit F at 2.  In December 2020, for example, OFCCP estimated that this request involved "the EEO-1, Type 2 reports of well over 15,000, and possibly over 20,000 submitters from countless industries."  *Id.*

Since January 2021, OFCCP has not answered CIR's questions about what steps, if any, the agency has taken to date to consult with companies whose data is at issue in Mr. Evans's request.  *Id.* at 1.

## III.   Discussion

The Freedom of Information Act seeks "to ensure an informed citizenry, vital to the functioning of a democratic society."  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  Under FOIA, "each agency . . . shall make the records promptly available."  5 U.S.C. § 552(a)(3)(A).  "Congress underscored the importance it attached to prompt responses by allowing judicial recourse, bypassing administrative exhaustion, if an agency fails to meet statutory timetables for disclosure or to justify its delay in making nonexempt records available upon request."  *Jud. Watch, Inc. v. Dep't of Homeland Sec.*, 895 F.3d 770, 775–76 (D.C. Cir. 2018).  "[A]n agency's compliance with FOIA depends upon its good faith effort and due diligence to comply with all lawful demands for records in as short a time as is possible."  *Id.* at 781 (cleaned up).

Here, more than *three years* after receiving Mr. Evans's initial request, OFCCP has failed to fulfill it.  OFCCP has justified this extensive delay based on its suggestion that the federal court's decision in the Northern District of California did not have precedential effect and the difficulty of notifying thousands of companies whose data is at issue.  Ex. F at 2.  CIR asserts that this position is faulty and to remedy the circumstances the agency should: 1) immediately disclose the requested records and 2) proactively notify all companies moving forward that these records will be disclosed.

### A.   OFCCP is Bound by Court Decisions Requiring Disclosure of EEO-1 Type 2 Reports.

By continuing to withhold the long-overdue diversity data, OFCCP is acting outside the bounds of law.  Contrary to the agency's suggestion, Judge Westmore's ruling that diversity data is outside Exemption 4 does, in fact, have "precedential effect," particularly since the Ninth Circuit left that decision undisturbed.  The plain text of FOIA "vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant,'" and agencies must comply with court disclosure orders.  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)).  Under the "law of the circuit doctrine, a published decision of [a federal appellate] court constitutes binding authority which must be

5

followed unless and until overruled by a body competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (cleaned up).

Here, both the district court and the appeals court decisions create binding law on the agency. Just two years ago, Judge Westmore ruled on CIR's request for 2016 EEO-1 report data and concluded that the "Government was not justified in applying Exemption 4" to this information, requiring the EEO-1 reports to "be produced unredacted." *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019). DOL elected not to appeal that decision, and subsequently the U.S. Ninth Circuit Court of Appeals found it lacked jurisdiction to disturb Judge Westmore's order. *Evans v. Synopsys*, No. 20-16416 (9th Cir. May 12, 2022). The December 10, 2019 order generally remains in effect, as the parties, including the Government, stipulated that it would only be stayed as to the "disclosure of the requested Synopsys information." *Ctr. for Investigative Reporting*, No. 4:19-cv-01843, ECF No. 87, ¶¶ 2-3 (N.D. Cal. July 28, 2020). Given that the December 10, 2019 order remains in force, that the Government chose not to appeal it, and that the Government opposed the company's attempt to intervene for the sole purpose of appealing it, CIR is perplexed by DOL's current plan of action as to FOIA Request No. 872421. According *Kissinger* and *In re Zermeno*, DOL must disclose the records and the agency has not presented any other to the contrary. We hope this clarifies any remaining confusion and that the agency will disclose the requested records immediately to avoid needless, repetitive litigation – for a third time.

### B.  OFCCP Should Proactively Publish the Requested Records on Its Website.

The same DOL regulation OFCCP invokes to justify its delay also offers a solution for future requests involving EEO-1s: To mitigate the burden and expense of notifying a "voluminous number of submitters," OFCCP can notify all companies simultaneously by posting a notice on its website before proactively publishing these records on its website. 29 C.F.R. § 70.26(c); *see also* 29 C.F.R. § 70.26(j) ("Where notification of a voluminous number of submitters is required, such notification may be accomplished by posting and publishing the notice in a place reasonably calculated to accomplish notification.").

OFCCP has various options for notifying companies by publication. It could publish a notice in the Federal Register, as DOL previously did to alert companies about a FOIA lawsuit and underlying request.[17] Another agency with similar regulations about "voluminous" notifications recently published notices in the Federal Register.[18] Alternatively, OFCCP could

---

[17] 71 Fed. Reg. 20,732 (April 21, 2006), *available at* https://www.federalregister.gov/documents/2006/04/21/06-3795/freedom-of-information-act-notice-of-lawsuit (notice from the Occupational Health and Safety Administration regarding air sampling data). *See also Finkel v. Dep't of Lab.*, No. CIV A 05-5525, 2007 WL 1963163, at *2 (D.N.J. June 29, 2007).

[18] 81 Fed. Reg. 75,838 (Nov. 1, 2016), *available at* https://www.federalregister.gov/documents/2016/11/01/2016-26412/freedom-of-information-act-notice-of-lawsuit (notice from the U.S. Fish and Wildlife Service regarding FOIA request and lawsuit for data about import and export of wildlife specimens); 81 Fed. Reg. 85,255 (Nov. 25,

issue a press release, as DOL did regarding disclosure of its workplace injury data.[19]  Whatever the venue, DOL should avail itself of its regulatory authority to notify the "voluminous" number of companies – and begin to proactively publishing these records online, as other DOL components such as OSHA have done with comprehensive datasets after courts ruled that they could not be withheld.

## IV.    Conclusion

Rather than continue to delay Mr. Evans's long-overdue request for EEO-1 Type 2 data, DOL should disclose the requested records.  Moving forward it should exercise its authority to notify companies and begin proactive publication.  We request that OFCCP respond to this letter **within two weeks of receipt** to discuss any clarifying points and the agency's intended course of action to resolve this matter.  You may reach me at vbaranetsky@revealnews.org or (201) 306-4831.


Sincerely,



Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting


cc:     Will Evans, Senior Reporter and Producer, The Center for Investigative Reporting
        Shawn Musgrave, First Amendment Fellow, The Center for Investigative Reporting

---

2016), *available at* https://www.federalregister.gov/documents/2016/11/25/2016-28379/freedom-of-information-act-notice-of-lawsuit (same).  *See also* 43 C.F.R. § 2.27(b) ("If a voluminous number of submitters are involved, [a bureau of the Department of the Interior] may publish a notice in a manner reasonably calculated to reach the attention of the submitters (for example, in newspapers or newsletters, the bureau's Web site, or the Federal Register) instead of providing a written notice to each submitter.").
[19] *Supra* note 15.

1400 65th, Suite 200  Emeryville, CA 94608
PHONE  510 809 3160                                    TWITTER @CIRonline
WEB cironline.org

# Exhibit A



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                     Thu, Oct 14, 2021 at 2:41 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **FOIARequests** <FOIARequests@dol.gov>
Date: Tue, Jan 15, 2019 at 2:35 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to OFCCP with tracking number **872421**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor ǀ Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 ǀ Washington, DC  20210

T: (202) 693-5531 ǀ F: (202) 693-5389 ǀ  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Thursday, January 10, 2019 7:13 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Cc:** Victoria Baranetsky <vbaranetsky@revealnews.org>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

(64 of 109), Page 64 of 109  Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 64 of 109
Case 3:22-cv-07182  Document 1-5 Investigate Reporter Mail/F02 acknowledgement Filed 11/15/22  Page 11 of 32
10/14/21, 3:39 PM

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2016.**

I am requesting this data in electronic format, by email.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209



www.revealnews.org

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

# Exhibit B

10/14/21, 3:38 PM                                    CIR Mail - Fwd: Acknowledgment



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                                    Thu, Oct 14, 2021 at 2:38 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Mon, Mar 25, 2019 at 1:32 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to OFCCP with tracking number **875877**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC  20210

T: (202) 693-5531 | F: (202) 693-5389 |  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, March 25, 2019 1:57 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OFCCP

ER-601

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017.**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209

ER-602

www.revealnews.org

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

# Exhibit C

(71 of 109) Page 71 of 109  Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 71 of 109
5/17/22, 10:24 AM                    Case 3:22-cv-07182   Document 1-2   Filed 11/15/22   Page 18 of 32
CIR: Acknowledgment



Shawn Musgrave <smusgrave@revealnews.org>

## Fwd: Acknowledgment
1 message

**Will Evans** <wevans@revealnews.org>                    Fri, Oct 15, 2021 at 6:51 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Fri, Sep 18, 2020 at 12:50 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to the Office of Federal Contract Compliance Programs (OFCCP) with tracking number **897123**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC  20210

T: (202) 693-5531 | F: (202) 693-5389 |  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Friday, September 11, 2020 8:26 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018.**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," **as federal contractor EEO-1s have been determined to be public records that must be disclosed, not confidential commercial information**. Please see the Dec. 10, 2019 ruling by Judge Kandis Westmore in U.S. District Court for the Northern District of California, 4:19-cv-01843-KAW (attached).

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608



www.revealnews.org

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

**U.S. Department of Labor**          Office of Federal Contract Compliance Programs
                                      200 Constitution Avenue, N.W.
                                      Washington, D.C. 20210



October 2, 2020


Via Electronic Mail


Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Mr. Evans:

This letter is to acknowledge receipt of your Freedom of Information Act (FOIA) request
submitted to *foiarequest@dol.gov*.  The Office of the Solicitor assigned your request to the
Office of Federal Contract Compliance Programs (OFCCP) on September 18, 2020.  Please refer
to the above-referenced FOIA tracking number in any future correspondence regarding your
FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal
contractors for 2018.

We consider you to be a representative of the news media as defined by the U.S. Department of
Labor FOIA regulations at 29 CFR § 70.40(c)(3), therefore, only reproduction costs will be
assessed, excluding charges for the first 100 pages.  You will receive written notification if the
total estimated fee for processing your request exceeds $25.00.

OFCCP's National Office will process your request for EEO-1 data.  Once we compile the data,
we will send a letter to the submitters notifying them of the request for their EEO-1 data.

In accordance with 29 CFR § 70.26 and Executive Order 12600, because your request covers
information that may be protected from disclosure under FOIA Exemption 4, OFCCP is required
to notify submitters that their information has been requested under the FOIA to give them an
opportunity to object in writing to disclosure of any specified portion of the requested
information.  For those submitters who do not object, we will provide the information with any
necessary redactions consistent with FOIA.  For those submitters who do object, OFCCP will
evaluate any response provided by the submitter as to why the requested information should be
withheld and make its own determination as to whether the specific facts and relevant law
warrant disclosure or withholding of the requested information.

Due to the volume and complexity of the FOIA requests we have received, we anticipate that providing a full response will take longer than 20 business days to fulfill. Accordingly, OFCCP will take an additional 10 business days to fulfill your request as afforded by the FOIA at 5 U.S.C. § 552(a)(6)(B)(i). We will contact you if we are unable to fulfill your request in 30 business days.

We consider you a "news media" type of requestor. As a "news media" requestor, we charge you for photocopying after the first 100 pages in accordance with the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(4). DOL's FOIA regulations at 29 CFR § 70.42(a) deem that the filing of a FOIA constitutes an agreement by the requester to pay all fees up to $25.00.

If you need further assistance or would like to discuss any aspect of your request, please do not hesitate to contact this office at (202) 693-0101 or by email on OFCCP_NO_FOIA@dol.gov. Alternatively, you may wish to contact the DOL FOIA Public Liaison, Thomas Hicks, at (202) 693-5427 or by email at hicks.thomas@dol.gov.

You may also contact the Office of Government Information Services (OGIS), within the National Archives and Records Administration (NARA), to inquire about the mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also reach that office by email at ogis@nara.gov, by phone at (202) 741-5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. In the appeal, you must state in writing the grounds for the appeal, and may include any supporting statements or arguments, but such statements are not required. To facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. Clearly mark "Freedom of Information Act Appeal" on the envelope and letter of the appeal. You must make any amendment to the appeal in writing and we must receive it prior to a decision. Address the appeal to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. You may submit your appeal by email to foiaappeal@dol.gov. The Department does not accept appeals submitted to any other email address.

Sincerely,

DORIS GEAN   Digitally signed
by DORIS GEAN

Doris Lissette Geán
FOIA Manager

2

# Exhibit D



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: amendment request

**Will Evans** <wevans@revealnews.org>                    Thu, Sep 30, 2021 at 10:28 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **OFCCP NO FOIA** <OFCCP_NO_FOIA@dol.gov>
Date: Tue, May 11, 2021 at 9:05 AM
Subject: RE: amendment request
To: Will Evans <wevans@revealnews.org>

Dear Mr. Evans,

We have modified request 872421 to include a spreadsheet of the consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2018.

We will administratively close request 897123.

Cordially,

Bruce Andersen

The OFCCP FOIA Team

---

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, May 10, 2021 1:02 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Subject:** amendment request

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

Dear FOIA Officer,

I would like to amend my FOIA request #872421 to include a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017 and 2018 as well as 2016.

If you agree to this amendment, I will withdraw my separate FOIA #897123 for the 2018 data.


Please let me know.
Thank you very much.
Best,

Will Evans
--

Will Evans

reporter

office: 510-809-2209

cell: 510-333-9584



[www.revealnews.org](www.revealnews.org)


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
[www.revealnews.org](www.revealnews.org)

Exhibit E

**U.S. Department of Labor**

Office of Federal Contract
Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



JUL 18 2019

Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 872421

Dear Mr. Evans:

This letter is a follow-up to your Freedom of Information Act (FOIA) request submitted to the
Office of Federal Contract Compliance Programs (OFCCP). Please refer to the above-referenced
FOIA tracking number in any future correspondence regarding your FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal
contractors for 2016. As you know from your earlier requests, in accordance with 29 CFR §
70.26, OFCCP is required to notify submitters that their business information has been requested
under the FOIA to give them an opportunity to object in writing to disclosure of any specified
portion of the requested information.

Though you request is reasonably described, we have determined that there are more than
100,000 responsive records. Reaching out to each of the companies affected by your voluminous
request would overwhelm the OFCCP FOIA unit for the foreseeable future, and the cost in
sending more than 100,000 letters would be unduly burdensome. If you wish to narrow the scope
of your request, please send a revised request to the address referenced above or send an e-mail
to OFCCP_NO_FOIA@dol.gov. In the event that we do not receive a response from you within
thirty (30) days from the date of this letter, we will administratively close your request.

Should you have questions regarding your request, please contact this office at (202) 693-0101
or by email at OFCCP_NO_FOIA@dol.gov. If you need further assistance or would like to
discuss any aspect of your request, please do not hesitate to contact the DOL FOIA Public
Liaison, Thomas Hicks, at (202) 693-5427.

Alternatively, you may contact the Office of Government Information Services within the
National Archives and Records Administration (OGIS) to inquire about the mediation services
they offer. The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD
20740-6001. You can also reach that office by e-mail at ogis@nara.gov, by phone at (202) 741-
5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must state in writing the grounds for the appeal, and it may include any supporting statements or arguments, but such statements are not required. In order to facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. The envelope and letter of the appeal should be clearly marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in writing and received prior to a decision. The appeal should be addressed to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. Appeals may also be submitted by email to foiaappeal@dol.gov. Appeals submitted to any other email address will not be accepted.

Sincerely,

D. Lissette Geán
Special Assistant

# Exhibit F

["

Alexandra M. Gutierrez

cc:   D. Victoria Baranetsky, General Counsel, Center for Investigative Reporting
      Will Evans, Reporter, Center for Investigative Reporting
      Thomas Hicks, DOL FOIA Public Liaison

On Fri, Dec 18, 2020 at 9:32 AM Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov> wrote:
Via Electronic Mail

Dear Ms. Gutierrez:

We have received your December 11, 2020, e-mail inquiring about outstanding FOIA requests that, combined, seek two years (2016 and 2018) of EEO-1 consolidated (Type 2) reports for all federal contractors.

As you are aware, we have complied with the district court's order and released the 2016 reports of the individual submitters who have not appealed the court's decision in the matter of *Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019). Your outstanding FOIA requests seek the EEO-1, Type 2 reports of well over 15,000, and possibly over 20,000 submitters from countless industries whose reports are not subject to that court order.

We continue to be subject to Executive Order 12600 and are obligated to notify submitters of requests for their potentially confidential commercial information. *See* 29 C.F.R. § 70.26. Under Executive Order 12600, we must afford submitters a reasonable period of time to object to the disclosure of any portion of the information and to state all grounds upon which disclosure is opposed.  The submitters that are the subject of your request have not had the opportunity to demonstrate whether their EEO-1, Type 2 reports contain confidential commercial information.  Moreover, while we do not believe that the Northern California's District Court's decision in *Center for Investigative Reporting* has precedential effect on all EEO-1, Type 2 reports, we note that this matter is currently on appeal before the U.S. Court of Appeals for the Ninth Circuit and there is still a chance that the district court's holding may be overturned.


Sincerely,




D. Lissette Geán

FOIA Manager


--
Alexandra M. Gutierrez
First Amendment Fellow
**(c)** 907-209-1799



(85 of 109), Page 85 of 109   Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 85 of 109
10/14/21, 11:32 AM          Center for Investigative Reporting Mail - Freedom of Information Request tracking Nos. 872421 and 897123

Case 3:21-cv-09078-JD    Document 1-2   Filed 05/21/21   Page 3 of 32

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

# Exhibit L

**U.S. Department of Labor**

Office of Federal Contract Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



June 15, 2022

*Via Electronic Mail:* vbaranetsky@revealnews.org

Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request – Tracking No. 872421

Dear Ms. Baranetsky:

We are in receipt of your correspondence of May 23, 2022, (hereinafter "Baranetsky Correspondence) to Secretary Walsh, Solicitor Nanda, and Director Yang regarding FOIA Request #872421 from Will Evans of the Center for Investigative Reporting (CIR) to the Office of Federal Contract Compliance Programs (OFCCP) for consolidated Type 2 EEO-1 reports for all federal contractors from 2016-2018.[1]  This correspondence has been referred to the undersigned for response.

As an initial matter, the Department of Labor (Department) continues to strongly disagree with CIR's assertion that the Department is in "direct contravention of law" by not immediately disclosing the thousands of EEO-1 reports from 2016-2020 (hereinafter "EEO-1 reports") responsive to FOIA Request #872421.  The recent Northern District of California decision referenced in your letter[2] addressed only 10 EEO-1 reports of select companies from 2016 and does not have any binding effect as to the other EEO-1 reports for which CIR now demands immediate disclosure.  Furthermore, the subsequent Ninth Circuit decisions[3] were limited to purely jurisdictional issues and explicitly did not reach the merits of the district court decision.

We also disagree with CIR's position that OFCCP can proactively publish the requested EEO-1 reports without providing submitters an opportunity to object to disclosure.  The Department's disclosure regulations at 29 C.F.R. part 70, consistent with Executive Order 12600, require the Department to provide notice to submitters "whenever it has reason to believe that the information requested under the FOIA may be protected from disclosure under Exemption 4, but

---

[1] Within the last month, CIR sent a new FOIA request to the Department for Type 2 EEO-1 reports for all federal contractors for the years 2019 and 2020 as well.  As agreed to by Mr. Evans, OFCCP has combined this request with FOIA Request #872421 for processing.

[2] *Ctr. For Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771 (N.D. Cal. 2019).

[3] *Evans v. Synopsis*, 34 F.4th 762 (9th Cir. 2022); *Synopsis v. Dep't of Labor*, Nos. 20-16414 and 20-16416, Dkt. No. 53-1 (9th Cir. May 12, 2022).

ER-621

has not yet determined whether the information is protected from disclosure…,"[4] and to provide submitters with a reasonable period of time to object to the disclosure and state their grounds for doing so.  Indeed, were the Department to immediately release all Type 2 EEO-1 reports as CIR recommends, it would be at risk of substantial liability in reverse FOIA actions if the reviewing court(s) found that Exemption 4 did apply to the EEO-1 records, and that in releasing them to the public the Department had violated its own regulations and improperly disclosed the confidential commercial information of thousands of federal contractors.

We do, however, agree with CIR that the Department may effectuate notice to all federal contractors via "posting and publishing the notice in a place reasonably calculated to accomplish notification."[5]  The Department will publish a notice in the Federal Register and on the Department's public-facing website that it has received FOIA requests seeking Type 2 EEO-1 records from all federal contractors that filed them from 2016-2020, and pursuant to its regulations,[6] the Department will provide an opportunity for the submitters to respond.

If you have any questions, please contact us via email at OFCCP_NO_FOIA@dol.gov, or by telephone at (202) 693-0101.

Sincerely,


Kelechi Ahaghotu
Branch Chief of Information Services
Division of Management and Administrative Programs

---

[4] 29 C.F.R. § 70.26(d)
[5] 29 C.F.R. § 70.26(j)
[6] *Id.* at § 70.26(e) ("A component will allow a submitter a reasonable time to respond to the notice described in [29 C.F.R. § 70.26(c)]…."

# Exhibit M



Dara Gray <dgray@revealnews.org>

## FOIA 872421 OFCCP Response to CIR
1 message

**Dara Gray** <dgray@revealnews.org>
To: Dara Gray <dgray@revealnews.org>



Victoria Baranetsky <vbar

## FOIA 872421 OFCCP Response to CIR
9 messages

**Office of Federal Contract Compliance Programs** <ofccp_no_foia@dol.gov>
Wed, Jun 15, 2022 at 12:50 PM
To: vbaranetsky@revealnews.org
Cc: wevans@revealnews.org, smusgrave@revealnews.org

June 15, 2022

*Via Electronic Mail:* vbaranetsky@revealnews.org

Victoria D. Barenetsky

General Counsel

The Center for Investigative Reporting

1400 65th, Suite 200

Emeryville, CA 94608

RE: Freedom of Information Act Request – Tracking No. 872421


Dear Ms. Baranetsky:


We are in receipt of your correspondence of May 23, 2022, (hereinafter "Baranetsky Correspondence) to Secretary Walsh, Solicitor Nanda, and Director Yang regarding FOIA Request #872421 from Will Evans of the Center for Investigative Reporting (CIR) to the Office of Federal Contract Compliance Programs (OFCCP) for consolidated Type 2 EEO-1 reports for all federal contractors from 2016-2018. [1] This correspondence has been referred to the undersigned for response.


As an initial matter, the Department of Labor (Department) continues to strongly disagree with CIR's assertion that the Department is in "direct contravention of law" by not immediately disclosing the thousands of EEO-1 reports from 2016-2020 (hereinafter "EEO-1 reports") responsive to FOIA Request #872421. The recent Northern District of California decision referenced in your letter[2] addressed only 10 EEO-1 reports of select companies from 2016 and does not have any binding effect as to the other EEO-1 reports for which CIR now demands immediate disclosure. Furthermore, the subsequent Ninth Circuit decisions[3] were limited to purely jurisdictional issues and explicitly did not reach the merits of the district court decision.

We also disagree with CIR's position that OFCCP can proactively publish the requested EEO-1 reports without providing submitters an opportunity to object to disclosure. The Department's disclosure regulations at 29 C.F.R. part 70, consistent with Executive Order 12600, require the Department to provide notice to submitters "whenever it has reason to believe that the information requested under the FOIA may be protected from disclosure under Exemption 4, but has not yet determined whether

(91 of 109), Page 91 of 109   Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 91 of 109
Case 3:22-cv-07182 Document Filed 11/15/22 Page 3 of 7
11/15/22, 3:35 PM                   Center for Investigative Reporting Mail - OFCCP's Response to CIR

the information is protected from disclosure…,"[4] and to provide submitters with a reasonable period

of time to object to the disclosure and state their grounds for doing so.  Indeed, were the Department

to immediately release all Type 2 EEO-1 reports as CIR recommends, it would be at risk of substantial

liability in reverse FOIA actions if the reviewing court(s) found that Exemption 4 did apply to the EEO-1

records, and that in releasing them to the public the Department had violated its own regulations and

improperly disclosed the confidential commercial information of thousands of federal contractors.

We do, however, agree with CIR that the Department may effectuate notice to all federal contractors via

"posting and publishing the notice in a place reasonably calculated to accomplish notification."[5]  The

Department will publish a notice in the Federal Register and on the Department's public-facing website

that it has received FOIA requests seeking Type 2 EEO-1 records from all federal contractors that filed

them from 2016-2020, and pursuant to its regulations,[6] the Department will provide an opportunity for

the submitters to respond.

If you have any questions, please contact us via email at OFCCP_NO_FOIA@dol.gov, or by telephone

at (202) 693-0101.

Sincerely,

Kelechi Ahaghotu

Branch Chief of Information Services
Division of Management and Administrative Programs

---

[1] Within the last month, CIR sent a new FOIA request to the Department for Type 2 EEO-1 reports for all federal contractors

for the years 2019 and 2020 as well.  As agreed by Mr. Evans, OFCCP has combined this request with FOIA Request

#872421 for processing.

[2] *Ctr. For Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771 (N.D. Cal. 2019).

[3] *Evans v. Synopsis*, 34 F.4th 762 (9th Cir. 2022); *Synopsis v. Dep't of Labor*, Nos. 20-16414 and 20-16416, Dkt. No. 53-1

(9th Cir. May 12, 2022).

[4] 29 C.F.R. § 70.26(d)

[5] 29 C.F.R. § 70.26(j)

[6] *Id.* at § 70.26(e) ("A component will allow a submitter a reasonable time to respond to the notice described in

[29 C.F.R. § 70.26(c)]…."

---

📄 **FOIA 872421 OFCCP Response to CIR 2022-06-15.pdf**
317K

---

**Victoria Baranetsky** <vbaranetsky@revealnews.org>
Thu, Jun 16, 2022 at 10:12 AM
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>
Cc: wevans@revealnews.org, smusgrave@revealnews.org

Dear OFCCP,

Thank you for your email. CIR was disappointed the Office did not provide a production timeline or more concrete
idea of when these records would be released - given how much time has elapsed since the request was filed.
CIR also strongly disagrees with the agency's interpretation of the case law in the Ninth Circuit.

To avoid needless next steps, please let me know your when you and counsel are available to speak early next
week to provide a clearer timeline on this matter.

Kind regards,
Victoria

[Quoted text hidden]

ER-625

(92 of 109), Page 92 of 109   Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 92 of 109
Case 3:22-cv-07182-WHA    Document 1-7    Filed 11/15/22    Page 92 of 7

11/15/22, 3:35 PM                    Gmail - OFCCP FOIA Reporting Mailbox - FOIA Request #872421

[Quoted text hidden]

---

**Victoria Baranetsky** <vbaranetsky@revealnews.org>
Wed, Jun 22, 2022 at 2:32 PM
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>, "Bickerstaffe, Keir - SOL" <Bickerstaffe.Keir@dol.gov>, "cc: Whitten, Emily S - SOL" <Whitten.Emily.S@dol.gov>
Cc: wevans@revealnews.org, smusgrave@revealnews.org

Hello,

I'd like to follow up and again, request if there is a time we can speak about this matter.

Regards,
Victoria

[Quoted text hidden]

---

**Office of Federal Contract Compliance Programs** <ofccp_no_foia@dol.gov>
Mon, Jun 27, 2022 at 2:36 PM
To: vbaranetsky@revealnews.org
Cc: wevans@revealnews.org, smusgrave@revealnews.org

*By Electronic Mail*

Dear Ms. Baranetsky,

This email responds to yours of June 16, 2022, and specifically your request for a clearer timeline regarding FOIA #872421, which, as revised, requests that OFCCP disclose Type 2 EEO-1 data for all federal contractors from 2015-2020. In July, the Department anticipates publishing a notice in the Federal Register to inform contractors of the FOIA request for contractors' EEO-1 data. This notice will provide contractors with 30 days to submit written objections to the disclosure of their EEO-1 data pursuant to Exemption 4 of FOIA. At the conclusion of that 30 days, OFCCP will ascertain which contractors have objected to disclosure, and which have not. As soon as possible thereafter, OFCCP will disclose to CIR the EEO-1 data for all contractors that have not objected to disclosure. In addition to the Federal Register notice, OFCCP will also announce this FOIA request through other means, such as its GovDelivery listserv, which includes a large number of federal contractors.

For those contractors that have submitted written objections, OFCCP will review the objections submitted and make an independent assessment for each as to whether the information should be withheld under FOIA Exemption 4. At this time, we cannot estimate how long this process will take. We do not know how many contractors will object, but given that there were approximately 25,000 unique filers of Type 2 EEO-1 data from 2015-2020, we anticipate that the number of objectors will be in the thousands. OFCCP will devote significant resources to review and assess these objections as quickly as possible, but we note that the scope of this request, and the number of objections that OFCCP will receive and need to evaluate, is unprecedented.

We hope that this clarifies for CIR the agency's timeline with regard to this matter. If you have any questions, please contact us via email at OFCCP_NO_FOIA@dol.gov, or by telephone at (202) 693-0101.

[Quoted text hidden]

---

**Victoria Baranetsky** <vbaranetsky@revealnews.org>
Thu, Jun 30, 2022 at 11:38 AM
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>
Cc: wevans@revealnews.org, smusgrave@revealnews.org
Bcc: Brendan Gilligan <bgilligan@revealnews.org>

Thank you for your response. I would like to confirm: (1) **when in July** does the agency anticipate publishing this announcement on the federal register?; (2) will the agency be producing the records on a rolling

ER-626

basis?; and, (3) can the agency please point to the agency regulations it is using for guidance on its procedure in this case.

While we appreciate the attention and resources now allocated to this matter, I will note that this request is now **multiple years old.**  And given the decision from N.D. Cal is <u>on point</u>, we are dismayed and confused by the agency's decision to withhold these records claiming that they have no "binding effect." See OFCCP Letter to CIR, dated June 15, 2022 (stating N.D. Cal. "addressed only 10 EEO-1 reports of select companies from 2016 and does not have any binding effect as to the other EEO-1 reports"). The agency has provided absolutely no reasoning as to why identical forms should not be released simply because they are more numerous and from a different calendar year that those at issue in Judge Westmore's order. I cannot imagine the Northern District of California would find a meaningful distinction, but instead would only see this decision as the agency ignoring the law of the circuit. *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc), aff'd sub nom. Arizona v. Inter Tribal Council of Ariz., Inc., 570 U.S. 1 (2013) (discussing law of the circuit); *see also Barapind v. Enomoto*, 400 F.3d 744, 751 (9th Cir. 2005) (en banc).

Regards,
Victoria

On Mon, Jun 27, 2022 at 2:34 PM Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov> wrote:

[Quoted text hidden]

[Quoted text hidden]

---

**Office of Federal Contract Compliance Programs** <ofccp_no_foia@dol.gov>
Wed, Jul 6, 2022 at 8:49 AM
To: vbaranetsky@revealnews.org
Cc: wevans@revealnews.org, smusgrave@revealnews.org

Dear Ms. Baranetsky,

Thank you for your email dated June 30, 2022. We write to address the questions you raised.  We plan to publish our announcement on the Federal Register by the end of July.  The Federal Register controls its own publication schedule, so it is difficult to provide more precision than that.

We anticipate beginning production on a rolling basis starting 30 days after publication of the Federal Register notice.  However, until we see how many objections we receive and whether they are from individual submitters or trade associations on behalf of their members, we cannot provide precise details on what the rolling production will look like. As we indicated in our earlier email, we will begin production of the Type 2 reports of those EEO-1 submitters who do not object, or do not have objections raised on their behalf within 30 days of the publication of the notice in the Federal Register. For submitters that do object, as we said in our email, OFCCP will need to do individualized analyses of the objections.  If OFCCP determines that the objections do not meet the standards for FOIA Exemption 4, OFCCP will notify the submitter that it intends to disclose.  At that point, submitters may file reverse FOIA actions against OFCCP to prevent disclosure.

The relevant agency regulations regarding these procedures are found at 29 C.F.R. § 70.26.

[Quoted text hidden]

---

**Shawn Musgrave** <smusgrave@revealnews.org>
Fri, Aug 5, 2022 at 10:49 AM
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>
Cc: vbaranetsky@revealnews.org, wevans@revealnews.org

Hello,

Please advise on the status of OFCCP's publication to the Federal Register on this matter. In prior correspondence, the government indicated it would publish a notice by the end of July. To our knowledge, this notice has not been published.

Best,
Shawn

[Quoted text hidden]

ER-627

(94 of 109), Page 94 of 109   Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 94 of 109
Case 3:22-cv-07182 Document 1 Filed 11/15/22 Page 6 of 7
11/15/22, 3:35 PM                         Center for Investigative Reporting Mail - OFCCP Response to CIR

--
Shawn Musgrave
First Amendment Fellow
*Admitted in California*
*Pronouns: he/him/his*
c: (510) 809-3165



---

**OFCCP NO FOIA** <OFCCP_NO_FOIA@dol.gov>
Fri, Aug 5, 2022 at 12:37 PM
To: Shawn Musgrave <smusgrave@revealnews.org>, OFCCP NO FOIA
<OFCCP_NO_FOIA@dol.gov>
Cc: "vbaranetsky@revealnews.org" <vbaranetsky@revealnews.org>,
"wevans@revealnews.org" <wevans@revealnews.org>


Good afternoon,


We would like to inform you that OFCCP sent our Federal Register Notice to the Federal Register

for publication yesterday.  Once we receive a publication date, we will contact

you with that information.


Respectfully,




Kelechi Ahaghotu | Supervisory Government Information Specialist

Branch Chief of Information Services

Department of Labor

Office of Federal Contract Compliance Programs

Division of Management and Administrative Programs



---

**From:** Shawn Musgrave <smusgrave@revealnews.org>
**Sent:** Friday, August 5, 2022 1:50 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Cc:** vbaranetsky@revealnews.org; wevans@revealnews.org
**Subject:** Re: FOIA 872421 OFCCP Response to CIR



CAUTION - The sender of this message is external to the DOL network.

Please use care when clicking on links and responding with sensitive information.

Send suspicious email to spam@dol.gov.



Hello,

Please advise on the status of OFCCP's publication to the Federal Register on this matter.

In prior correspondence, the government indicated it would publish a notice by the end of July.

To our knowledge, this notice has not been published.

Best,

Shawn


On Wed, Jul 6, 2022 at 8:46 AM Office of Federal Contract Compliance Programs

<ofccp_no_foia@dol.gov> wrote:

11/15/22, 3:35 PM                              Center for Investigative Reporting Mail - OFCCP Response to FOIA

Dear Ms. Baranetsky,

Thank you for your email dated June 30, 2022. We write to address the questions
you raised.  We plan to publish our announcement on the Federal Register by the
end of July.  The Federal Register controls its own publication schedule, so it is
difficult to provide more precision than that.

We anticipate beginning production on a rolling basis starting 30 days after publication
of the Federal Register notice.  However, until we see how many objections we receive
and whether they are from individual submitters or trade associations on behalf of their
members, we cannot provide precise details on what the rolling production will look like.
As we indicated in our earlier email, we will begin production of the Type 2 reports of
those EEO-1 submitters who do not object, or do not have objections raised on their behalf
within 30 days of the publication of the notice in the Federal Register. For submitters
that do object, as we said in our email, OFCCP will need to do individualized analyses
of the objections.  If OFCCP determines that the objections do not meet the standards
for FOIA Exemption 4, OFCCP will notify the submitter that it intends to disclose.
At that point, submitters may file reverse FOIA actions against OFCCP to prevent disclosure.
The relevant agency regulations regarding these procedures are found at 29 C.F.R. § 70.26.
If you have any questions, please contact us via email at OFCCP_NO_FOIA@dol.gov,
or by telephone at (202) 693-0101.


Sincerely,

Kelechi Ahaghotu

Branch Chief of Information Services

Division of Management and Administrative Programs


--
Dara Gray
First Amendment Fellow
c: (404) 395-2356



# Exhibit N

(97 of 109), Page 97 of 109   Case: 24-880, 05/09/2024, DktEntry: 9.5, Page 97 of 109
Case 3:22-cv-07182   Document 1-5 Filed 11/16/221A Page 2 of 3
11/15/22, 3:39 PM



**Dara Gray <dgray@revealnews.org>**

---

## RE: FOIA 872421
1 message

---

**Dara Gray** <dgray@revealnews.org>                    Tue, Nov 15, 2022 at 3:39 PM
To: Dara Gray <dgray@revealnews.org>

---------- Forwarded message ---------
From: **Office of Federal Contract Compliance Programs** <ofccp_no_foia@dol.gov>
Date: Tue, Nov 1, 2022 at 9:34 AM
Subject: RE: FOIA 872421
To: <Wevans@revealnews.org>

Dear Mr. Evans:

As part of its final response, OFCCP intends to release to you the names of those federal contractors that objected under an applicable FOIA exemption and whose data was removed from public release.

Cordially,

Bruce Andersen

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Tuesday, October 18, 2022 4:56 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Subject:** re: FOIA 872421

> **CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.**

Dear Mr. Andersen,

When providing responsive records for my previous requests of EEO-1 data, your office's past practice has been to provide a list of companies that objected to the release of their EEO-1 data. We expect that you will do so for request #87242 as well. Please let me know if that's correct.

Thank you,

Will

--

Will Evans

reporter

Reveal from The Center for Investigative Reporting

cell: 510-333-9584

www.revealnews.org

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
cell: 510-333-9584
www.revealnews.org

1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2  MICHELLE LO (NYRN 4325163)
   Chief, Civil Division
3  PAMELA T. JOHANN (CABN 145558)
   Assistant United States Attorney
4
         450 Golden Gate Avenue, Box 36045
5        San Francisco, California 94102
         Telephone: (415) 436-7025
6        Facsimile: (415) 436-7234
         pamela.johann@usdoj.gov
7
   Attorneys for Defendant UNITED STATES
8  DEPARTMENT OF LABOR

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  THE CENTER FOR INVESTIGATIVE          )  Case No. 22-cv-07182-WHA
    REPORTING and WILL EVANS,             )
15                                         )
              Plaintiffs,                  )  **NOTICE OF APPEAL**
16                                         )
         v.                                )
17                                         )
    UNITED STATES DEPARTMENT OF            )
18  LABOR,                                 )
                                           )
19            Defendant.                   )
                                           )
20  _____ )

21

22

23

24

25

26

27

28

1      Notice is hereby given that Defendant Department of Labor ("DOL"), in the above-named

2  action, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Order on

3  Cross-Motions for Summary Judgment, entered in this action on December 22, 2023, Dkt. No. 51.  A

4  copy of the order is attached hereto as Exhibit A.

5      Defendant's Representation Statement, as required by Ninth Circuit Rule 3-2(b), is attached to

6  this Notice as Exhibit B.

7  DATED:  February 15, 2024                           Respectfully submitted,

8                                                      ISMAIL J. RAMSEY
                                                       United States Attorney
9
                                                       */s/ Pamela T. Johann*_____
10                                                     PAMELA T. JOHANN
                                                       Assistant United States Attorney
11
                                                       Attorneys for Defendant
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF APPEAL
No. 22-cv-07182-WHA                       2      ER-634

ADRMOP,APPEAL

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:22-cv-07182-WHA

Center for Investigative Reporting et al v. United States
Department of Labor
Assigned to: Judge William Alsup
Case in other court: for the Ninth Circuit, 24-00880
Cause: 05:552 Freedom of Information Act

Date Filed: 11/15/2022
Jury Demand: None
Nature of Suit: 895 Freedom of Information
Act
Jurisdiction: Federal Question

**Plaintiff**

**Center for Investigative Reporting**                  represented by  **Aaron Robert Field**
Cannata O'Toole & Olson LLP
100 Pine Street
Suite 350
San Francisco, CA 94111
415-409-8900
Email: afield@cofolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Therese Yvonne Cannata**
Cannata, O'Toole & Olson LLP
100 Pine Street, Suite 350
San Francisco, CA 94111
415-409-8900
Fax: 415-409-8904
Email: tcannata@cofolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Edward Colbeth**
Cannata O'Toole Fickes & Olson LLP
100 Pine Street, Suite 350
San Francisco, CA 94111
415-409-8900
Fax: 415-409-8904
Email: zcolbeth@cofolaw.com
*ATTORNEY TO BE NOTICED*

**Diana Victoria Baranetsky**
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608
(510) 809-3160
Fax: (510) 849-6141
Email: vbaranetsky@revealnews.org
*ATTORNEY TO BE NOTICED*

ER-635

<u>Plaintiff</u>

**Will Evans**                                      represented by   **Aaron Robert Field**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Diana Victoria Baranetsky**
                                                                     (See above for address)
                                                                     *TERMINATED: 01/23/2024*
                                                                     *LEAD ATTORNEY*

                                                                     **Therese Yvonne Cannata**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Zachary Edward Colbeth**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>

**United States Department of Labor**               represented by   **Pamela T. Johann**
                                                                     United States Attorney's Office
                                                                     450 Golden Gate Avenue
                                                                     Box 36055
                                                                     San Francisco, CA 94102
                                                                     (415) 436-7025
                                                                     Fax: (415) 436-7234
                                                                     Email: pamela.johann@usdoj.gov
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/15/2022 | 1 | COMPLAINT against Department of Labor ( Filing fee $ 402, receipt number ACANDC-17729723.). Filed byCenter for Investigative Reporting. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N)(Baranetsky, Diana) (Filed on 11/15/2022) (Entered: 11/15/2022) |
| 11/15/2022 | 2 | Proposed Summons. (Baranetsky, Diana) (Filed on 11/15/2022) (Entered: 11/15/2022) |
| 11/15/2022 | 3 | Certificate of Interested Entities by Center for Investigative Reporting (Baranetsky, Diana) (Filed on 11/15/2022) (Entered: 11/15/2022) |
| 11/15/2022 |   | Electronic filing error. Civil Cover sheet is incomplete. There is no Basis of Jurisdiction or Nature of Suit listed. Please submit Amended Civil Cover Sheet. Re: 1 Complaint, filed by Center for Investigative Reporting (jrs, COURT STAFF) (Filed on 11/15/2022) (Entered: 11/15/2022) |

ER-636

| 11/15/2022 | 4 | Civil Cover Sheet by Center for Investigative Reporting *Amended*. (Baranetsky, Diana) (Filed on 11/15/2022) (Entered: 11/15/2022) |
|---|---|---|
| 11/16/2022 | 5 | Case assigned to Magistrate Judge Sallie Kim.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 11/30/2022. (jrs, COURT STAFF) (Filed on 11/16/2022) (Entered: 11/16/2022) |
| 11/16/2022 | 6 | Summons Issued as to United States Department of Labor, U.S. Attorney and U.S. Attorney General (anj, COURT STAFF) (Filed on 11/16/2022) (Entered: 11/16/2022) |
| 11/16/2022 | 7 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 2/6/2023. Initial Case Management Conference set for 2/13/2023 01:30 PM in San Francisco, Courtroom C, 15th Floor. (anj, COURT STAFF) (Filed on 11/16/2022)**<br><br>Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)<br><br>**(Entered: 11/16/2022)** |
| 11/17/2022 | 8 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Center for Investigative Reporting, Will Evans.. (Baranetsky, Diana) (Filed on 11/17/2022) (Entered: 11/17/2022) |
| 11/18/2022 | 9 | CERTIFICATE OF SERVICE by Center for Investigative Reporting, Will Evans (Attachments: # 1 Certificate/Proof of Service, # 2 Certificate/Proof of Service, # 3 Certificate/Proof of Service, # 4 Certificate/Proof of Service)(Baranetsky, Diana) (Filed on 11/18/2022) (Entered: 11/18/2022) |
| 12/09/2022 | 10 | Stipulation to Extend time to Answer or otherwise respond to Complaint filed by United States Department of Labor, Center for Investigative Reporting and Will Evans. (Johann, Pamela) (Filed on 12/9/2022) Modified on 12/12/2022 (anj, COURT STAFF). (Entered: 12/09/2022) |
| 12/12/2022 | 11 | CLERK'S NOTICE Re: Consent or Declination: **Defendant** shall file a consent or declination to proceed before a magistrate judge by **12/27/2022**. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms. Consent/Declination due by 12/27/2022. (mkl, COURT STAFF) (Filed on 12/12/2022) (Entered: 12/12/2022) |
| 12/27/2022 | 12 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by United States Department of Labor.. (Johann, Pamela) (Filed on 12/27/2022) (Entered: 12/27/2022) |
| 12/28/2022 | 13 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned. |

ER-637

| | | |
|---|---|---|
| | | ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED. *This is a text only docket entry; there is no document associated with this notice.* (mkl, COURT STAFF) (Filed on 12/28/2022) (Entered: 12/28/2022) |
| 12/28/2022 | 14 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge William Alsup for all further proceedings. Magistrate Judge Sallie Kim no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Signed by Clerk on 12/28/2022. (Attachments: # 1 Notice of Eligibility for Video Recording) (mbc, COURT STAFF) (Filed on 12/28/2022) (Entered: 12/28/2022)** |
| 12/28/2022 | 15 | **CLERK'S NOTICE RESCHEDULING INITIAL CASE MANAGEMENT CONFERENCE ON REASSIGNMENT: Joint Case Management Statement due by 2/9/2023. Initial Case Management Conference reset for 2/16/2023 11:00 AM in San Francisco, Courtroom 12, 19th Floor. Parties may download Judge Alsup's standing orders on the Court's webpage: https://cand.uscourts.gov/judges/alsup-william-wha/. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (afm, COURT STAFF) (Filed on 12/28/2022) (Entered: 12/28/2022)** |
| 01/18/2023 | 16 | ANSWER to Complaint by United States Department of Labor. (Johann, Pamela) (Filed on 1/18/2023) Modified on 1/19/2023 (anj, COURT STAFF). (Entered: 01/18/2023) |
| 01/26/2023 | 17 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Baranetsky, Diana) (Filed on 1/26/2023) (Entered: 01/26/2023) |
| 01/26/2023 | 18 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Johann, Pamela) (Filed on 1/26/2023) (Entered: 01/26/2023) |
| 02/09/2023 | 19 | JOINT CASE MANAGEMENT STATEMENT *and Request to Continue Case Management Conference* filed by United States Department of Labor, Center for Investigative Reporting and Will Evans. (Johann, Pamela) (Filed on 2/9/2023) Modified on 2/10/2023 (jrs, COURT STAFF). Modified on 2/10/2023 (jrs, COURT STAFF). (Entered: 02/09/2023) |
| 02/14/2023 | 20 | **CLERK'S NOTICE RESCHEDULING INITIAL CASE MANAGEMENT CONFERENCE FROM 2/16/2023 TO 3/9/2023 AT 11:00AM: Initial Case Management Conference set for 3/9/2023 11:00 AM in San Francisco, Courtroom 12, 19th Floor. Joint Case Management Statement due by 3/2/2023. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (afm, COURT STAFF) (Filed on 2/14/2023) (Entered: 02/14/2023)** |
| 03/02/2023 | 21 | CASE MANAGEMENT STATEMENT filed by United States Department of Labor. (Johann, Pamela) (Filed on 3/2/2023) (Entered: 03/02/2023) |
| 03/06/2023 | 22 | **CLERK'S NOTICE CONTINUING INITIAL CASE MANAGEMENT CONFERENCE FROM 3/9/2023 TO 4/13/2023: Joint Case Management Statement due by 4/6/2023. Initial Case Management Conference reset for 4/13/2023 11:00 AM in San Francisco, Courtroom 12, 19th Floor. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (afm, COURT STAFF) (Filed on 3/6/2023) (Entered: 03/06/2023)** |

| 04/06/2023 | 23 | CASE MANAGEMENT STATEMENT filed by United States Department of Labor. (Johann, Pamela) (Filed on 4/6/2023) (Entered: 04/06/2023) |
| --- | --- | --- |
| 04/11/2023 | 24 | **NOTICE RE INITIAL CASE MANAGEMENT CONFERENCE. Signed by Judge William Alsup. (whalc4, COURT STAFF) (Filed on 4/11/2023) (Entered: 04/11/2023)** |
| 04/13/2023 | 25 | **Minute Entry for proceedings held before Judge William Alsup:**<br><br>**Initial Case Management Conference held on 4/13/2023. Production of outstanding FOIA requests discussed. Court directed USDOJ to prepare proposed order capturing dates and deadlines as further discussed on the record. Proposed order is to be filed by 4/18/2023. Parties will meet and confer re six (6) examples of bellwether motion as stated on the record.**<br><br>**Digital Recording Time: Liberty - 11:14 - 11:50.**<br>**Plaintiff Attorney: Diana Victoria Baranetsky.**<br>**Defendant Attorney: Pam Johann.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.) (afm, COURT STAFF) (Date Filed: 4/13/2023) (Entered: 04/13/2023)*** |
| 04/18/2023 | 26 | STIPULATION WITH PROPOSED ORDER *re Briefing Schedule* filed by United States Department of Labor, Center for Investigative Reporting and Will Evans. (Johann, Pamela) (Filed on 4/18/2023) Modified on 4/19/2023 (jrs, COURT STAFF). (Entered: 04/18/2023) |
| 04/24/2023 | 27 | **ORDER RE 26 BELLWETHER MOTION SCHEDULE. Signed by Judge William Alsup. (whalc4, COURT STAFF) (Filed on 4/24/2023) (Entered: 04/24/2023)** |
| 05/23/2023 | 28 | STIPULATION WITH PROPOSED ORDER *to Modify Briefing Schedule* filed by United States Department of Labor, Center for Investigative Reporting and Will Evans. (Attachments: # 1 Declaration of Pamela T. Johann)(Johann, Pamela) (Filed on 5/23/2023) Modified on 5/24/2023 (jrs, COURT STAFF). (Entered: 05/23/2023) |
| 05/24/2023 | 29 | **ORDER ADOPTING 28 STIPULATED BELLWETHER MOTION SCHEDULE. Signed by Judge William Alsup. (whalc4, COURT STAFF) (Filed on 5/24/2023) (Entered: 05/24/2023)** |
| 07/08/2023 | 30 | STIPULATION WITH PROPOSED ORDER *to Modify Briefing Schedule* filed by United States Department of Labor, Center for Investigative Reporting and Will Evans. (Attachments: # 1 Declaration of Pamela T. Johann)(Johann, Pamela) (Filed on 7/8/2023) Modified on 7/10/2023 (jml, COURT STAFF). (Entered: 07/08/2023) |
| 07/14/2023 | 31 | **ORDER ADOPTING 30 STIPULATION TO MODIFY BRIEFING SCHEDULE (AS AMENDED). Signed by Judge William Alsup. (whalc4, COURT STAFF) (Filed on 7/14/2023) (Entered: 07/14/2023)** |
| 08/18/2023 | 32 | NOTICE of Appearance by Therese Yvonne Cannata (Cannata, Therese) (Filed on 8/18/2023) (Entered: 08/18/2023) |
| 08/18/2023 | 33 | NOTICE of Appearance by Aaron Robert Field (Field, Aaron) (Filed on 8/18/2023) (Entered: 08/18/2023) |
| 08/18/2023 | 34 | MOTION for Summary Judgment filed by United States Department of Labor. Motion Hearing set for 12/14/2023 08:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup. Responses due by 10/18/2023. Replies due by 11/10/2023. (Attachments: # 1 Declaration of Patrick McKay, # 2 Declaration of Quinetta Roberson, |

| | | |
|---|---|---|
| | | # 3 Declaration of Michele Hodge, # 4 Declaration of Helene Baxter, # 5 Declaration of Jack Jasinowski, # 6 Declaration of Josh Barcon, # 7 Declaration of Karen Sobieski) (Johann, Pamela) (Filed on 8/18/2023) (Entered: 08/18/2023) |
| 08/18/2023 | 35 | Declaration of Kelechi Ahaghotu in Support of 34 MOTION for Summary Judgment filed byUnited States Department of Labor. (Related document(s) 34 ) (Johann, Pamela) (Filed on 8/18/2023) (Entered: 08/18/2023) |
| 08/21/2023 | 36 | NOTICE of Appearance by Zachary Edward Colbeth (Colbeth, Zachary) (Filed on 8/21/2023) (Entered: 08/21/2023) |
| 08/23/2023 | 37 | Declaration of Shivani Bautista (NorthShore) in Support of 34 MOTION for Summary Judgment filed byUnited States Department of Labor. (Related document(s) 34 ) (Johann, Pamela) (Filed on 8/23/2023) (Entered: 08/23/2023) |
| 08/23/2023 | 38 | ERRATA re 34 MOTION for Summary Judgment *Defendant Department of Labor's Bellwether Motion for Summary Judgment (Corrected)* by United States Department of Labor. (Johann, Pamela) (Filed on 8/23/2023) (Entered: 08/23/2023) |
| 10/18/2023 | 39 | OPPOSITION/RESPONSE (re 34 MOTION for Summary Judgment); NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT filed by Center for Investigative Reporting, Will Evans. (Attachments: # 1 Declaration DECLARATION OF D. VICTORIA BARANETSKY IN SUPPORT OF PLAINTIFFS CROSS-MOTION FOR SUMMARY JUDGMENT, # 2 Declaration DECLARATION OF MARC BENDICK, JR., PH.D. IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT, # 3 Declaration DECLARATION OF JAMILLAH BOWMAN WILLIAMS IN SUPPORT OF OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT, # 4 Proposed Order [PROPOSED] ORDER RE: CROSS-MOTION FOR SUMMARY JUDGMENT)(Field, Aaron) (Filed on 10/18/2023) Modified on 10/19/2023 (cjl, COURT STAFF). (Entered: 10/18/2023) |
| 11/07/2023 | 40 | STIPULATION WITH PROPOSED ORDER *re Clarification of Defendant's Opposition/Reply Deadline* filed by United States Department of Labor, The Center for Investigative Reporting and Will Evans. (Johann, Pamela) (Filed on 11/7/2023) Modified on 11/8/2023 (jml, COURT STAFF). (Entered: 11/07/2023) |
| 11/07/2023 | 41 | **ORDER GRANTING 40 STIPULATION RE: CLARIFICATION OF DEADLINE FOR DEFENDANTS' OPPOSITION AND REPLY RE BELLWETHER SUMMARY JUDGMENT. Signed by Judge William Alsup on 11/7/2023. (afm, COURT STAFF) (Filed on 11/7/2023) Modified on 11/7/2023 (afm, COURT STAFF). (Entered: 11/07/2023)** |
| 11/13/2023 | 42 | REPLY (re 34 MOTION for Summary Judgment ) *and Opposition to Cross-Motion* filed byUnited States Department of Labor. (Johann, Pamela) (Filed on 11/13/2023) (Entered: 11/13/2023) |
| 11/13/2023 | 43 | Declaration of Kelechi Ahaghotu in Support of 42 Reply to Opposition/Response *and Opposition to Cross-Motion* filed byUnited States Department of Labor. ***SEE DOCKET ENTRY 46 FOR CORRECTION OF 43 -4.***(Attachments: # 1 Declaration of Jack Jasinowski, # 2 Declaration of Barbara L. Moskowitz, # 3 Declaration of Center for Workplace Compliance, # 4 Declaration of Patrick F. McKay, Ph.D., # 5 Declaration of Quinetta M. Roberson)(Related document(s) 42 ) (Johann, Pamela) (Filed on 11/13/2023) Modified on 11/16/2023 (cjl, COURT STAFF). (Entered: 11/13/2023) |

ER-640

| Date | # | Description |
|---|---|---|
| 11/13/2023 | 44 | Proposed Order *re Motion for Summary Judgment* by United States Department of Labor. (Johann, Pamela) (Filed on 11/13/2023) (Entered: 11/13/2023) |
| 11/14/2023 | 45 | Declaration of Helene Baxter filed byUnited States Department of Labor. (Attachments: # 1 Declaration of Pamela T. Johann)(Johann, Pamela) (Filed on 11/14/2023) (Entered: 11/14/2023) |
| 11/16/2023 | 46 | Declaration of Patrick F. McKay, Ph.D. in Support of 42 Reply to Opposition/Response *CORRECTION OF DOCKET # [43-4]* filed byUnited States Department of Labor. (Related document(s) 42 ) (Johann, Pamela) (Filed on 11/16/2023) (Entered: 11/16/2023) |
| 11/29/2023 | 47 | STIPULATION AND [PROPOSED] ORDER RE: LENGTH OF PLAINTIFFS REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT filed by Center for Investigative Reporting, Will Evans, United States Department of Labor. (Field, Aaron) (Filed on 11/29/2023) Modified on 11/29/2023 (cjl, COURT STAFF). (Entered: 11/29/2023) |
| 11/30/2023 | 48 | **ORDER GRANTING 47 STIPULATION. Signed by Judge William Alsup. (whalc4, COURT STAFF) (Filed on 11/30/2023) (Entered: 11/30/2023)** |
| 12/05/2023 | 49 | REPLY IN SUPPORT OF 34 PLAINTIFFS CROSS-MOTION FOR SUMMARY JUDGMENT filed by Center for Investigative Reporting, Will Evans. (Attachments: # 1 Declaration DECLARATION OF D. VICTORIA BARANETSKY IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFFS CROSSMOTION FOR SUMMARY JUDGMENT)(Field, Aaron) (Filed on 12/5/2023) Modified on 12/6/2023 (cjl, COURT STAFF). (Entered: 12/05/2023) |
| 12/14/2023 | 50 | **Minute Entry for proceedings held before Judge William Alsup:**<br><br>**Motion Hearing held on 12/14/2023 re 34 MOTION for Summary Judgment filed by United States Department of Labor. Parties stated appearances and proffered argument. Court takes the motion under submission.**<br><br>**Total Time in Court: 8:02 - 8:57 = 55 Minutes.**<br>**Court Reporter: Jennifer Coulthard.**<br><br>**Plaintiff Attorneys: Diana Baranetsky, Aaron Field.**<br>**Defendant Attorney: Pamela Johann.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (afm, COURT STAFF) (Date Filed: 12/14/2023) (Entered: 12/14/2023)** |
| 12/22/2023 | 51 | **ORDER REGARDING 34 , 39 MOTIONS FOR SUMMARY JUDGMENT. Signed by Judge William Alsup.(whalc4, COURT STAFF) (Filed on 12/22/2023) (Entered: 12/22/2023)** |
| 12/27/2023 | 52 | STIPULATED REQUEST TO STAY RELEASE ORDER; [PROPOSED] ORDER filed by United States Department of Labor, Center for Investigative Reporting, Will Evans. (Attachments: # 1 Declaration of Pamela T. Johann)(Johann, Pamela) (Filed on 12/27/2023) Modified on 12/27/2023 (cjl, COURT STAFF). (Entered: 12/27/2023) |
| 12/28/2023 | 53 | **ORDER GRANTING STIPULATION 52 . Signed by Judge William Alsup. (whalc4, COURT STAFF) (Filed on 12/28/2023) (Entered: 12/28/2023)** |
| 01/11/2024 | 54 | AUDIO RECORDINGS ORDER (requesting docket(s): 25 ). Court will send to James Flynn at jflynn@orrick.com a link to the files requested in this order. ( Filing fee $ 34, receipt number 27AOFE3G). (knm, COURT STAFF) (Filed on 1/11/2024) Audio file |

|  |  | sent to James Flynn on 1/12/2024. Modified on 1/12/2024 (jaf, COURT STAFF). (Entered: 01/11/2024) |
| --- | --- | --- |
| 01/23/2024 | 55 | NOTICE of Change In Counsel by Diana Victoria Baranetsky (Baranetsky, Diana) (Filed on 1/23/2024) (Entered: 01/23/2024) |
| 02/14/2024 | 56 | Supplemental Certificate of Interested Entities by Center for Investigative Reporting, Will Evans identifying Other Affiliate Foundation for National Progress for Center for Investigative Reporting. (Colbeth, Zachary) (Filed on 2/14/2024) Modified on 2/15/2024 (cjl, COURT STAFF). (Entered: 02/14/2024) |
| 02/15/2024 | 57 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by United States Department of Labor. (Appeal fee FEE WAIVED.) (Johann, Pamela) (Filed on 2/15/2024) (Entered: 02/15/2024) |
| 02/15/2024 | 58 | Emergency ADMINISTRATIVE MOTION for Stay Pending Appeal filed by United States Department of Labor. Responses due by 2/16/2024. (Attachments: # 1 Declaration of Pamela T. Johann, # 2 Proposed Order)(Johann, Pamela) (Filed on 2/15/2024) (Entered: 02/15/2024) |
| 02/16/2024 | 59 | **ORDER TEMPORARILY GRANTING 58 ADMINISTRATIVE MOTION TO STAY. Signed by Judge William Alsup. (whalc4, COURT STAFF) (Filed on 2/16/2024) (Entered: 02/16/2024)** |
| 02/20/2024 | 60 | USCA Case Number 24-880 for the Ninth Circuit for 57 Notice of Appeal to the Ninth Circuit filed by United States Department of Labor. (jml, COURT STAFF) (Filed on 2/20/2024) (Entered: 02/21/2024) |
| 02/23/2024 | 61 | Supplemental Opposition Brief to 58 Emergency Motion for Stay of Disclosure Deadlines Pending Appeal by Department of Labor filed by Center for Investigative Reporting. (Attachments: # 1 Declaration of Aaron R. Field, # 2 Exhibit A)(Related document(s) 59 ) (Field, Aaron) (Filed on 2/23/2024) Modified on 2/26/2024 (kmm2, COURT STAFF). (Entered: 02/23/2024) |
| 02/23/2024 | 62 | NOTICE of Errata Re 61 -1 Declaration of Aaron R. Field in Support of Plaintiffs' Opposition to Emergency Motion for Stay of Disclosure Deadline Pending Appeal by Center for Investigative Reporting, Will Evans (Field, Aaron) (Filed on 2/23/2024) Modified on 2/26/2024 (kmm2, COURT STAFF). (Entered: 02/23/2024) |
| 02/29/2024 | 63 | TRANSCRIPT ORDER for proceedings held on December 14, 2023 before Judge William Alsup by United States Department of Labor, for Court Reporter Jennifer Coulthard. (Johann, Pamela) (Filed on 2/29/2024) (Entered: 02/29/2024) |
| 02/29/2024 | 64 | Transcript Designation Form re 57 Notice of Appeal to the Ninth Circuit Transcript due by 4/1/2024. (Johann, Pamela) (Filed on 2/29/2024) (Entered: 02/29/2024) |
| 03/18/2024 | 65 | STIPULATION WITH PROPOSED ORDER Re: Time to File Motion for Attorney's Fees and Costs filed by Center for Investigative Reporting, Will Evans, United States Department of Labor (Attachments: # 1 Declaration of Aaron R. Field) (Field, Aaron) (Filed on 3/18/2024) Modified on 3/19/2024 (kmm2, COURT STAFF). (Entered: 03/18/2024) |
| 03/19/2024 | 66 | **ORDER TO FILE A JOINT STATEMENT BY MARCH 26, 2024, AT NOON. Signed by Judge William Alsup. (whalc4, COURT STAFF) (Filed on 3/19/2024) (Entered: 03/19/2024)** |
| 03/20/2024 | 67 | (DISREGARD. SEE 68 ORDER.) ORDER GRANTING 65 STIPULATION RE TIME TO FILE MOTION FOR ATTORNEY'S FEES AND COSTS. Signed by Judge William |

ER-642

| | | |
|---|---|---|
| | | Alsup. (whalc4, COURT STAFF) (Filed on 3/20/2024) Modified on 3/21/2024 (afm, COURT STAFF). (Entered: 03/20/2024) |
| 03/21/2024 | 68 | **ORDER GRANTING 65 STIPULATION REGARDING TIME TO FILE MOTION FOR ATTORNEY'S FEES AND COSTS. Signed by Judge William Alsup. (whalc4, COURT STAFF) (Filed on 3/21/2024) (Entered: 03/21/2024)** |
| 03/26/2024 | 69 | Joint Statement re 66 Court's March 19, 2024 Order by United States Department of Labor, Center for Investigative Reporting, Will Evans (Johann, Pamela) (Filed on 3/26/2024) Modified on 3/27/2024 (kmm2, COURT STAFF). (Entered: 03/26/2024) |

ER-643