# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CENTER FOR INVESTIGATIVE REPORTING;
WILL EVANS,
        Plaintiffs-Appellees,

v.

U.S. DEPARTMENT OF LABOR,
        Defendant-Appellant.

No. 24-880

## APPELLANT'S UNOPPOSED MOTION TO EXTEND THE TIME FOR SEEKING REHEARING AND REHEARING EN BANC

The government respectfully requests a 45-day extension, to and including October 30, 2025, of the deadline for filing any petition for rehearing or rehearing en banc. Plaintiffs consent to the requested extension, and there is good cause for the extension for the following reasons.

1. This case arises out of plaintiffs' request, under the Freedom of Information Act (FOIA), that the Department of Labor disclose the EEO-1 reports filed by all federal contractors from 2016 through 2020. Those reports provide a statement of each contractor's total number of employees, as well as the number of their employees in each of 10 job categories, broken down by race/ethnicity and sex. Approximately 4,800 contractors objected to the disclosure of their reports, and after reviewing those objections, the Department of Labor concluded that the EEO-1 data of the objecting contractors is exempt from disclosure under FOIA Exemption 4,

which covers "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

2. Plaintiffs sued, and the district court held that the EEO-1 reports do not contain commercial information because the data in those reports is not, in the district court's view, commercially valuable and would not provide competitors commercial insight into the operations of federal contractors. In a decision issued July 30, 2025, a panel of this Court affirmed on different grounds. The Court held that the EEO-1 data is not commercial because the Court thought the data does "not describe 'the exchange of goods or services or the making of a profit.'" Op. 13.

3. Under Federal Rule of Appellate Procedure 40(d)(1)(B), and accounting for weekend days, any petition for rehearing or rehearing en banc would currently be due on September 15, 2025.

4. An extension of time is warranted because the Solicitor General has not yet made the requisite determination whether the government will petition for rehearing en banc, *see* 28 C.F.R. § 0.20. The requested extension is necessary to permit adequate review by the Solicitor General's Office, including appropriate consultation with the affected agencies.

5. The requested extension is also necessary to permit the preparation of a petition if authorized by the Solicitor General. Joshua Koppel, who has primary responsibility for preparing any petition for rehearing in this case, is also responsible for preparing briefs in *National Treasury Employees Union v. Trump*, No.

25-5157 (D.C. Cir.) (opening brief due September 9), and *American Foreign Service Association v. Trump*, No. 25-5184 (opening brief due September 9), and for supervising the preparation of briefs in *E-Liquid Brands, LLC v. FDA*, No. 21-2255 (4th Cir.) (response brief due August 29), and *VDX Distro, Inc. v. FDA*, No. 24-60537 (response brief due September 15). In the past four weeks since the decision in this case was issued, Mr. Koppel also filed, *inter alia*, a response brief in *Englehardt v. Garland*, No. 24-5297 (D.C. Cir.), and a response to a petition for certiorari in *Lewis v. Kennedy*, No. 24-1158 (S. Ct.). In addition, Mr. Koppel was on a pre-planned vacation from September 9 to 25, and will be on leave September 23-24 and October 2 and 7-15.

    6. As noted, plaintiffs consent to the requested extension.

## CONCLUSION

For these reasons, the Department of Labor respectfully requests a 45-day extension of time in which to file any petition for rehearing or rehearing en banc, to and including October 30, 2025.

                                                                     Respectfully submitted,

                                                                     */s/ Joshua M. Koppel*
                                                              Joshua M. Koppel
                                                                 (202) 514-4820
                                                                 *Attorney, Civil Division*
                                                                 *U.S. Department of Justice*
                                                                 *950 Pennsylvania Avenue NW*
                                                                *Washington, DC 20530*

August 2025

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the length limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 562 words according to the count of Microsoft Office 365.  I also certify that it complies with the typeface and style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in Garamond, a proportionally spaced typeface, in 14-point font.

/s/ Joshua M. Koppel
Joshua M. Koppel